**PHILLIPS & GREEN, M.D., P.A., Plaintiff,**

v.

**Patricia A. CLARK–AMAKER, Defendant,**

and

**Department of Defense, Garnishee.**

**Civil Action No. 97–681 SSH.**

United States District Court, District of Columbia.

Jan. 30, 1998.

---

Bruce Howard Cherkis, Wolpoff & Abramson, Bethesda, MD, for Phillips & Green, M.D., P.A.

Patricia A. Clark–Amaker, Washington, DC, pro se.

W. Mark Nebeker, Asst. U.S. Atty., U.S. Attorney's Office, Washington, DC, for Department of Defense.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiff's motion to compel the Department of Defense ("DoD"), the garnishee, to comply with a writ of attachment issued by the Superior Court of the District of Columbia pursuant to D.C.Code Ann. § 16–571, and related pleadings. Upon careful consideration of the entire record, plaintiff's "Motion To Compel Compliance with Writ of Attachment" is denied, and the case accordingly is dismissed.

## I. BACKGROUND

On September 2, 1994, the Superior Court of the District of Columbia issued a judgment for plaintiff against Patricia A. Clark–Amaker, the defendant in that case. Thereafter, plaintiff filed a request for garnishment pursuant to D.C.Code Ann. § 16–571. Service of the garnishment was effected upon the DoD, defendant's employer, on December 30, 1996. The DoD filed an answer stating that the DoD did in fact, employ defendant and that her wages were subject to garnishment. Thereafter, pursuant to 5 U.S.C. § 5520a(j)(2), the DoD deducted an administrative fee of $75 from the amount due to plaintiff. See 61 Fed.Reg. 53,722–02 (Oct. 15, 1996) (establishing the amount of the administrative fee authorized by 5 U.S.C. § 5520(j)(2) to be $75). Plaintiff filed the current action on March 7, 1997, in the Superior Court of the District of Columbia, Small Claims Branch, to recover from the DoD the $75 fee which the DoD had deducted from the garnished amount. On April 7, 1997, the DoD removed the action pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, on the ground that the action required interpretation of federal law.

## II. ANALYSIS

Plaintiff claims that the language of 5 U.S.C. § 5520a(j)(2) is clear and unambiguous, and that because the DoD's $75 rule ("the rule") violates the meaning of that language, the rule must be struck down under

the first prong of *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Plaintiff also claims that even if the rule is valid under *Chevron,* the DoD improperly promulgated it under the Administrative Procedure Act ("APA"). Plaintiff characterizes the rule as a "legislative rule" and argues that such a rule is subject to the notice requirements established by 5 U.S.C. § 553(b)–(c). Finally, plaintiff claims that the rule is in contravention of the Fifth Amendment because it constitutes a taking of plaintiff's validly obtained state judgment without due process of law.

Garnishee similarly argues that the language of 5 U.S.C. § 5520a(j)(2) is clear, but contends that such language supports its interpretation rather than plaintiff's. Additionally, garnishee contends that the rule is an "interpretative rule" which is not subject to the comment procedures established by the APA. Finally, garnishee asserts that the rule is not an unlawful taking because plaintiff has received a service in return for the fee.

The Court concludes that the rule is valid under *Chevron.* Section 5520a(j)(2) states that "costs incurred in executing legal process ... shall be deducted from the amount withheld ... pursuant to the legal process." In this section, Congress spoke precisely, allocating the administrative fee of garnishment actions to creditors. Furthermore, the Court concludes that the rule is an interpretative rule, rather than a legislative rule. Thus, the Court concludes that the DoD did not violate the APA. Finally, the Court concludes that because plaintiff receives a benefit from the DoD, the imposition of the $75 administrative fee does not constitute an unlawful taking.[1]

### A. *Chevron Analysis*

■ The Court first addresses the statutory interpretation issue. When faced with a challenge to an administrative agency's interpretation of a statute, the Court looks at the now familiar two-step analysis of *Chevron,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). First, the Court asks whether Congress has spoken clearly on the precise issue at hand. 467 U.S. at 842. If the statutory language is clear, then the Court, as well as the agency, "must give effect to the unambiguously stated directive of Congress." *Id.* at 843. However, if the statute is "silent or ambiguous with respect to the specific issue," the reviewing court must defer to the agency's construction of the statute so long as it is reasonable. *Id.*

Plaintiff argues that the DoD violated the unambiguous language of 5 U.S.C. § 5520a(j)(2) when it enacted the rule. Plaintiff claims that Congress clearly demonstrated its desire to impose the administrative cost on the employee and not on the creditor. Garnishee also argues that the statute is clear. However, garnishee asserts the statute supports the promulgation of the rule.

The statute states that any regulations governing the garnishment mechanism "shall provide that an agency's administrative costs incurred in executing legal process to which the agency is subject under this section shall be deducted from the amount withheld from the pay of the employee concerned pursuant to the legal process." 5 U.S.C. § 5520a(j)(2). Because the DoD may not legally withdraw any more money than is required by the garnishment, and because the statute requires the administrative fee to be deducted from the amount withheld, the fee may only be taken from the creditor's share. Here, the DoD was served with legal process to attach $657.21 from defendant. From this amount, the DoD deducted its administrative fee, as authorized by Congress, and submitted the rest to plaintiff. The statute would not have authorized the DoD to act otherwise.

■ Under the circumstances, the Court finds that 5 U.S.C. § 5520a(j)(2) is unmis-

---

**1.** Another judge of this court recently has addressed these same issues. In *Hadley Memorial Hosp. v. Kynard,* 981 F.Supp. 690 (D.D.C. 1997), plaintiff sought to recover the $75 administrative fee charged by the DoD as a result of a garnishment action. Judge Robertson held, *inter alia,* that (1) the plain meaning of 5 U.S.C. § 5520a commanded that the administrative fee be deducted from the amount due to the creditor, (2) that the $75 rule was an interpretative rule, and (3) that imposition of the rule did not constitute a taking without just compensation.

takably clear. The language of the statute cannot support plaintiff's argument that Congress intended the employee to pay the administrative fee. As a result, the Court finds that the rule does not violate the first prong of *Chevron* and is, therefore, valid.[2]

## B. *APA Challenge*

Plaintiff further argues that even if the DoD is allowed to promulgate the rule under *Chevron,* it did so in violation of the procedures dictated by the APA. Plaintiff asserts that the rule is a "legislative rule" which is subject to notice and formal comment procedures in the Federal Register. *See* 5 U.S.C. § 553(b). Garnishee contends that the rule is not "legislative" but "interpretative" and therefore exempt from formal comment procedures .[3]

■ The distinction between legislative and interpretative rules is "notoriously hazy." *Caraballo v. Reich,* 11 F.3d 186, 195 (D.C.Cir.1993). *See, e.g., American Hospital Association v. Bowen,* 834 F.2d 1037, 1045 (D.C.Cir.1987), *General Motors Corp. v. Ruckelshaus,* 742 F.2d 1561, 1565 (D.C.Cir. 1984) (distinction " 'enshrouded in considerable smog' " (*quoting Noel v. Chapman,* 508 F.2d 1023, 1030 (2d Cir.1975))). Generally, legislative rules are those which grant rights, impose obligations, or effect changes in existing policy. *See American Hospital Association v. Bowen,* 834 F.2d 1037, 1045 (D.C.Cir. 1987); *see also National Medical Enterprises, Inc. v. Shalala,* 43 F.3d 691 (D.C.Cir. 1995). On the other hand, interpretative rules, which do not require formal notice and comment procedures, are those that merely clarify or explain existing laws or regulations. *See Bowen,* 834 F.2d at 1045.

In *American Mining Congress v. Mine Safety & Health Administration,* 995 F.2d 1106 (D.C.Cir.1993), the court held that a rule is legislative if the court can answer affirmatively to any of these questions: (1) whether in the absence of a legislative rule by the agency, the legislative basis for agency enforcement would be inadequate;[4] (2) whether the agency has published the rule in

2. The Court notes that even if the statutory language could be considered ambiguous, the DoD's interpretation of that language would certainly satisfy *Chevron's* second step. Under that prong, a court asks whether the agency's choice "represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, [if so, the court] should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned." *Chevron,* 467 U.S. at 845 (quoting *United States v. Shimer,* 367 U.S. 374, 382–83, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961)). It must be noted that the statutory provision at issue has been amended to read as it does now. The statute originally stated that the implementing regulations "shall provide that an agency's administrative costs in executing a garnishment action may be added to the garnishment, and that the agency may retain costs recovered as offsetting collections." 5 U.S .C. § 5520a(j)(2) (1994). As indicated above, that provision was amended to state that the implementing regulations "shall provide that an agency's administrative costs incurred in executing legal process to which the agency is subject under this section shall be deducted from the amount withheld from the pay of the employee concerned pursuant to the legal process." 5 U.S.C. § 5520a(j)(2). Congress's intent to move the burden of the fee from the garnished employee to the employer is obvious from the change in language.

In addition, the legislative history clearly supports this interpretation. The Senate Report on the National Defense Authorization Act of 1996, Section 643, states that the intent of Section 643 is to "shift the burden for paying administrative costs incurred incident to garnishment actions from the employee to the creditor." S.Rep. No. 112, 104th Cong. 1st. Sess., 810 (1995).

3. The APA provides, in relevant part, that:

   (b) General notice of proposed rulemaking shall be published in the Federal register .... Except when notice or hearing is required by statute, this subsection does not apply—

   (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice

5 U.S.C. § 553(b) (1994).

4. A good example of such rules is clearly outlined in the Attorney General's Manual on the Administrative Procedure Act (1947). The principal example is the SEC's proxy authority under Section 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78n, which forbids certain persons from giving a proxy "in contravention of such rules and regulations as the commission may prescribe." The statute itself forbids nothing except acts or omissions spelled out by the commission in rules or regulations. Such rules or regulation will then be legislative in nature. *American Mining Congress,* 995 F.2d at 1109.

the Code of Federal Regulations ("CFR"); [5] (3) whether the agency has explicitly invoked its general legislative power; and finally (4) whether it amends a previous rule that is legislative in nature.

None of the above factors indicates that the challenged rule is legislative in nature. It is clearly possible for the agency to specify the amount it will deduct from garnished sums without resorting to a "legislative ruling." Congress has conferred upon the agency authority to impose a fee, and based on a cost study, the DoD has decided to set such a fee at $75. The agency does not need to rely on its legislative powers to impose the fee, because Congress already has directly granted it such authority. The agency's sole role in this process is to determine the cost associated with the processing of such garnishments. Second, the DoD never published the rule in the CFR.[6] Finally, considering that the rule is a new rule, it may not, by definition, amend any previous legislative rule. Therefore, factor four does not apply under the circumstances here.

■ The Court concludes that the rule at issue is interpretative rather than legislative in nature and that the notice requirements of 5 U.S.C. Section 553(b) did not apply.

## C. *Takings Claim*

■ Plaintiff also argues that the subtracting of the $75 from the amount due to the creditor constitutes a taking without just compensation in violation of the Constitution. This argument is without merit. Plaintiff ignores the fact that in return for the $75, it has received a service from the federal government. A garnishment is but one of the many ways a plaintiff may recoup monies owed by a defendant. Plaintiff has many options in selecting a method of enforcement. Having selected garnishment, plaintiff cannot successfully complain merely because it must be responsible for the administrative cost, as required by Congress.[7]

## III. *CONCLUSION*

Therefore, the Court denies plaintiff's Motion To Compel Compliance with Writ of Attachment. An appropriate Order accompanies this Opinion.

## *ORDER*

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that plaintiff's "Motion To Compel Compliance with Writ of Attachment" is denied. It hereby further is

ORDERED, that this case is dismissed.

SO ORDERED.

---

**5.** 44 U.S.C. § 1510 limits publication into the C.F.R to rules "having general applicability and legal effect" *Brock v. Cathedral Bluffs Shale Oil Co.,* 796 F.2d 533, 539 (D.C.Cir.1986). *See American Mining Congress,* 995 F.2d at 1109.

**6.** Consistent with the directive from Congress, however, the DoD did publish notice in the Federal Register that, effective November 1, 1996, an administrative charge of $75 would be "charged to the creditor and deducted from the monies collected from the employee or member that are due the creditor." 61 Fed.Reg. 53722–02 (Oct. 15, 1996).

**7.** Plaintiff also claims that because the DoD, and the employee, will treat the judgment debt as fully satisfied once the attachment is paid, less the DoD's $75 fee, and the creditor will not, review of public records by consumer reporting agencies will negatively reflect on the credit ratings of the DoD employees. This, plaintiff argues, will create substantial confusion and potential for multiple litigation. The Court does not address this issue because it is unnecessary to the decision of the pending motion.