**William S. BURROUGHS, Jr., Plaintiff,**

v.

**P.M. PALUMBO, Jr., Defendant.**

**Civ. A. No. 94–1298–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 22, 1994.

William S. Burroughs, Jr., pro se.

Robert Stanley Powell, Arlington, VA, for defendant.

## MEMORANDUM OPINION & ORDER

BRINKEMA, District Judge.

### I.

The relevant facts of this case are not in dispute. Plaintiff is an attorney in Northern Virginia who brought this action against a former client for unpaid legal fees. The case was filed in the Arlington Circuit Court on August 18, 1994. *William S. Burroughs, Jr. v. P.M. Palumbo, Jr.,* At Law 94–1042 (Arlington Circuit Court, August 18, 1994). Defendant is a citizen of Florida and was served in accordance with the Virginia long-arm statute. Va.Code Ann. § 8.01–329 (Michie 1992). Service was made on the Secretary of the Commonwealth on August 24, 1994. On August 30, 1994, the Secretary mailed the Motion for Judgment to the defendant. A certificate of compliance was filed with the state court on September 1, 1994, making service effective. Under Virginia law, the defendant had twenty-one days from the date of service to file an answer in the state court. Va.S.Ct.R. 3:5.

Defendant filed a notice of removal with this Court on September 29, 1994.[1] Defendant's notice of removal was within the time allowed by federal law for filing a removal petition. 28 U.S.C.A. § 1446(b) (1994) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant ... of the initial pleading.") However, defendant was out of time for filing his answer in state court. The state court entered a default judgment

against the defendant on September 30, 1994. Later that same day, defendant filed the notice of removal with the clerk of the state court. Defendant now seeks to have this Court set aside the state court default judgment on the grounds that the state court lacked jurisdiction at the time that the default judgment was entered because the notice of removal had already been filed in federal court.

This case presents a "prickly little technical problem" which few courts have addressed. *Berberian v. Gibney,* 514 F.2d 790, 792 (1st Cir.1975). During the period between the filing of the notice of removal in federal court and the filing in state court, which court had jurisdiction? For the reasons discussed below, we find that jurisdiction was concurrent and that this case was properly removed with the default judgment intact.

### II.

The Federal Rules of Civil Procedure establish a two-step procedure for removal. First, the defendant must file a notice of removal in the United States district court for the district and division in which the state court action is pending. 28 U.S.C.A. § 1446(a) (1994). Second, promptly after filing the notice of removal, the defendant must give written notice to adverse parties and must file a copy of the notice of removal with the clerk of the state court. 28 U.S.C.A. § 1446(d) (1994). Filing the notice of removal with the state court "shall *effect* the removal and *the State court shall proceed no further* unless and until the case is remanded." *Id.* (emphasis added).

It is clear that the filing of the notice of removal in the state court terminates the state court's jurisdiction. A plain reading of the removal statute leads us to this conclusion. 28 U.S.C.A. § 1446(d) (1994) (providing that state court proceedings shall cease upon filing of removal notice with state court). In addition, the Fourth Circuit has held that the state court loses all jurisdiction immediately upon completion of the two-step

1. There is no question that this action was removable. The parties are diverse and the amount in controversy exceeds $50,000.

removal process. *State of South Carolina v. Moore,* 447 F.2d 1067, 1073 (4th Cir.1971) (holding that proceedings after filing of notice of removal in state court are void because state court loses all jurisdiction after filing of notice in federal court *and* in state court).

The obvious inference from the statute and the Fourth Circuit holding is that the state court maintains jurisdiction over the action until the state court receives actual notice of removal. This reading of the statute furthers the underlying purpose behind requiring that notice of removal be filed with the state court. That purpose is to notify the state court of the removal so that it can stay its proceedings, avoid duplicitous actions, and conserve judicial resources. *See Delavigne v. Delavigne,* 530 F.2d 598, 601 n. 5 (4th Cir.1976) (noting that other courts have relied on the purpose of the requirement in finding substantial compliance with the statute) *citing United States ex rel. Echevarria v. Silberglitt,* 441 F.2d 225, 227 (2d Cir.1971). A finding that state court jurisdiction was severed sometime before filing of the notice with the state court would subvert this purpose. Indeed, it would be "unfair to a state court to hold that it can be stripped of jurisdiction though it has no notice of this fact." Charles A. Wright, Law of Federal Courts 247 (1994). Furthermore, such a conclusion would frustrate the requirement that notice to the state court be made "promptly" by eliminating the incentive for quick action. 28 U.S.C.A. § 1446(d) (1994).

On the other hand, a finding that the state court had exclusive jurisdiction until the completion of the two-step removal procedure would undermine the federal rules regarding removal. The federal rules allow a defendant thirty days from receipt of the initial pleading in which to file a notice of removal with the federal court. In Virginia, and in other states that allow less than thirty days for the filing of an answer, a finding of exclusive state court jurisdiction during the period in question would cut short the time for filing the notice of removal.[2] The time for filing a notice of removal would therefore be dependant on state law and would defeat Congress' effort to create a rule of uniform application. *See Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972) ("[T]he removal statutes ... are intended to have uniform nationwide application.") We cannot countenance such a result.

Accordingly, we find that federal jurisdiction attached when the notice of removal was filed in federal court on September 29, 1994 and that state court jurisdiction continued until the notice was filed in state court on September 30, 1994. In other words, there was concurrent state and federal jurisdiction during the period between the filing of the notice of removal in federal court and the filing in state court. *See Berberian v. Gibney,* 514 F.2d 790, 792 (1st Cir.1975) (citing 1A Moore ¶ 0.168[3.–8], at 509–11).

During the period of concurrent jurisdiction, the state court entered a default judgment. This judgment was properly entered, and must be treated as if entered by this Court. *See id.* at 793, *citing Butner v. Neustadter,* 324 F.2d 783, 785 (9th Cir.1963) (stating that the federal court takes the case as it finds it on removal and that state court default judgment must be treated as if entered in federal court); *Munsey v. Testworth Lab., Inc.,* 227 F.2d 902, 903 (6th Cir.1955) (affirming district court decision to set aside state court default judgment and stating that federal court takes removed case as though everything done in state court had been done in federal court). Therefore, this Court may vacate the default judgement upon an adequate showing by the defendant.

On December 16, 1994, defendant presented evidence explaining his failure to file an answer in state court within twenty-one days of service. Defendant testified that he was out of town at the time that the Secretary of the Commonwealth mailed the motion for judgment to his Florida address and that he did not return until September 23, 1994.

---

**2.** In fact, a holding of exclusive state jurisdiction would require a defendant to complete both steps of the removal process with the 21 day period. This result clearly conflicts with the federal rules which allow 30 days for filing the notice with the federal court and additional time for filing with the state court. 28 U.S.C.A. § 1446(b) (1994), (allowing 30 days for filing with federal court); 28 U.S.C.A. § 1446(d) (1994), (requiring that notice be filed with state court "promptly after" filing with federal court).

The Court finds that this is sufficient grounds to set aside the default judgment. Therefore, defendant's Motion to Set Aside Default Judgment is hereby GRANTED.

Defendant's Motion to Dismiss is hereby DENIED.

In order to allow for sufficient discovery, the Scheduling Order is hereby amended as follows:

All discovery must be concluded by Friday, February 17, 1995.

Counsel must file a list of witnesses to be called at trial, a list of exhibits, and the exhibits themselves by February 22, 1995.

Objections to exhibits must be filed by February 27, 1995. Any exhibit not objected to will be deemed to be admitted.

Motions for Summary Judgment must be filed in time to be argued no later than March 3, 1995.

In all other aspects, the Scheduling Order remains unchanged.