**HADLEY–MEMORIAL HOSPITAL, Plaintiff,**

v.

**Willa M. KYNARD, Defendant,**

and

**Department of Defense, Garnishee.**

**No. CIV. A. 97–0576(JR).**

United States District Court, District of Columbia.

Oct. 30, 1997.

---

Bruce H. Cherkis, Wolpoff & Abramson, L.L.P., Bethesda, MD, for Plaintiff.

W. Mark Nebeker, Asst. U.S. Atty., Washington, DC, for Garnishee Dept. of Defense.

Willia Kynard, Washington, DC, pro se.

### MEMORANDUM

ROBERTSON, District Judge.

This case raises an important question about the interplay between D.C. garnishment law and a new federal statutory provision, 5 U.S.C. § 5520a(j)(2) (1996), that allows the government to exact fees for the administration of garnishment.

Because of the procedural posture in which the question arises, however, it is first necessary to address an unusual jurisdictional issue.

### *Jurisdiction*

The relief plaintiff seeks is an order compelling the Department of Defense's compliance with a District of Columbia writ of attachment. Plaintiff filed its original motion to compel in the Superior Court of the District of Columbia. On March 17, 1997, the Superior Court granted the motion. The Department of Defense then removed under 28 U.S.C. § 1442(a)(1), and moved to vacate the Superior Court's order. Plaintiff, agreeing that the question raised by the pleadings should be decided by a federal court, conceded that portion of DOD's motion filed in this court which sought to vacate the Superior Court's order. No motion to vacate the judgment was filed in Superior Court, however.

██ The use of § 1442 to remove a case that has proceeded to judgment in state court is an untried practice and is the subject of no reported cases.[1]

---

1. Nor are there reported cases deciding whether 28 U.S.C. § 1441 (1996) may be used to remove final state court judgments. *See, e.g., In re Mey-* *erland Co.,* 960 F.2d 512, 515 n. 5 (5th Cir.1992) (declining to decide whether § 1441 grants re-

Five courts of appeals have considered whether the special removal power granted to the RTC and FDIC by 12 U.S.C. §§ 1441 & 1819(b)(2) permits removal of state court cases in which final judgments have been entered at the trial level. All have decided in the affirmative. *See Lester v. Resolution Trust Corp.*, 994 F.2d 1247 (7th Cir.1993); *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62 (3d Cir.1993); *Meyerland*, 960 F.2d at 515–16; *Ward v. Resolution Trust Corp.*, 972 F.2d 196 (8th Cir.1992); *Jackson v. American Sav. Mortgage Corp.*, 924 F.2d 195 (11th Cir.1991). Those cases teach that, "[W]e must look to the plain language and meaning of [the removal statute], the Constitutional authority of Congress to grant this sort of removal jurisdiction, and whether there is any reason to think that Congress could not have intended this result." *Meyerland*, 960 F.2d at 516.

The plain language of § 1442 closely resembles the FIRREA language granting removal powers to the FDIC and RTC and does not distinguish cases that have proceeded to judgment from cases that have not. There is no question of Congress' power to grant this sort of removal jurisdiction, since Congress can grant federal removal jurisdiction over state court cases that are still on appeal, *see Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 349, 4 L.Ed. 97 (1816); *Gaines v. Fuentes*, 92 U.S. 10, 18, 23 L.Ed. 524 (1876); *Tennessee v. Davis*, 100 U.S. 257, 269, 25 L.Ed. 648 (1880). As for the intent of Congress, the legislative history of § 1442 does not exclude and is in fact consistent with allowing post-judgment removals. The statute was first enacted in 1815 to help federal customs agents enforce federal trade embargos, and since then Congress has enacted several other versions of the federal officer removal statute to protect federal officials and policies from misapplication (and nonapplication) in state courts. *See. e.g.*, Act of March 3, 1863, ch. 80, 12 Stat. 755, 756 (1863); Act of May 11, 1866, ch. 80, 14 Stat. 446 (1866); Cong. Globe, 37th Cong., 3d Sess. 535–37 (1862). The most recent enactment, the 1996 amendment of § 1442, expanded

moval jurisdiction over final state court judgments).

removal jurisdiction by allowing agencies, and not only federal officers, to remove. Pub.L. 104–317, 110 Stat. 3850 (1996).

It appears, accordingly, that DOD's removal of this action was lawful, and that the subject matter jurisdiction of this court has been properly invoked. Further, because the plaintiff has conceded vacation of the Superior Court's order, this court is free to examine the issues presented by this case without regard to the strictures of Fed. R.Civ.P. 59(e)[2]

### Background

On June 14, 1996, plaintiff obtained a judgment against defendant Willa Kynard in District of Columbia Superior Court for $5,210. Thereafter, plaintiff filed a writ of attachment in Superior Court for $5,222.74, the unsatisfied balance of the judgment plus costs, and served it on the Department of Defense ("DOD"), Kynard's employer. DOD, relying upon § 5520a(j)(2) and its own regulations, notified plaintiff by letter dated December 4, 1996, that it would deduct an administrative fee of $75 from the total amount due in the garnishment action. Plaintiff objected and moved to compel compliance with the writ. On March 17, 1997, the Superior Court ruled that DOD could not deduct its administrative fee from payments forwarded to the creditor. DOD's removal followed.

Federal agencies were immune from all state and local garnishment orders until 1976. In that year, Congress enacted the Child Support Amendments, waiving the sovereign immunity of the United States with regard to garnishments to enforce child support or alimony orders. 42 U.S.C. § 659(a). That limited waiver was extended in 1993 to garnishments for the collection of debts other than child support and alimony. 5 U.S.C. § 5520a. Section 5520a(b) provides that "pay from an agency to an employee is subject to legal process in the same manner and to the same extent as if the agency were a private person." Then, in 1996, Congress amended § 5520a(j)(2) to provide that "an

---

2. *See, e.g., Jackson*, 924 F.2d at 199 & n. 9; *Nernberg*, 3 F.3d at 68–69.

agency's administrative costs incurred in executing legal process to which the agency is subject under this section shall be deducted from the amount withheld from the pay of the employee concerned pursuant to the legal process." Plaintiff's argument here is that DOD is welcome to deduct an administrative fee from the employee's pay, but it must not deduct the fee from the amount paid to the creditor, because that would violate § 5520a(b).

## Analysis

■ Plaintiff's interpretation of the statute cannot be squared with the plain meaning of the language Congress used. The statute commands that administrative costs be collected, not from the employee, but "from the amount withheld from the pay of the employee. . . ." Before the 1996 amendment, the statute provided that administrative costs could "be *added to* the garnishment." 5 U.S.C. § 5520a (1994) (emphasis added). The amendment changed the law, and Congress clearly intended the change. The Senate Report recites the purpose of the amendment to "shift the burden for paying administrative costs incurred incident to garnishment actions from the employee to the creditor." S.Rep. No. 112, 104th Cong., 1st Sess., 810 (1995).

Even if the language of this part of the statute is clear, plaintiff argues, requiring creditors to pay administrative costs is inconsistent with the agency's obligation to honor the garnishment "in the same manner and to the same extent as if the agency were a private person," 5 U.S.C. § 5520a(b)—at least in the District of Columbia, where an employer is required to withhold and pay to the creditor a percentage of the employee's wages until the "attachment is wholly satisfied." D.C.Code § 16–573(a) & (a)(2). The argument is erroneous. Section 5520a(b) does subject the pay of federal employees to the legal process applicable to private employers under state law, *see First Virginia Bank v. Randolph,* 110 F.3d 75, 79 (D.C.Cir. 1997), but it also specifically provides that legal process to which an agency is subject must comply with all the provisions of § 5520a. One of those provisions is

§ 5520a(j)(2), which imposes administrative costs upon creditors.

■ Plaintiff next argues that DOD's regulation imposing a $75 fee is invalid for failure to follow notice and comment procedures. The answer to that argument is that an agency need not conduct notice and comment procedures in adopting interpretive rules unless notice and comment rulemaking is otherwise required by statute. 5 U.S.C. § 553(b) (1996). The DOD regulation here is not a legislative rule creating "new law, rights or duties," but is rather an interpretive rule that goes "to what the administrative officer thinks [the enabling statute] means." *General Motors Corp. v. Ruckelshaus,* 742 F.2d 1561, 1565 (D.C.Cir.1984). Nor does the regulation "use[ ] wording consistent only with the invocation of its general rulemakng authority to extend its regulatory reach," another hallmark of a substantive rule. *Syncor Int'l Corp. et al. v. Shalala,* 127 F.3d 90, 95 (D.C.Cir.1997). Rather, DOD interpreted its powers under § 5520a(j)(2) and gave notice in the Federal Register on October 1, 1996 that an administrative fee of $75 would be charged to the creditor in a garnishment action. 61 Fed.Reg. 53722–02. The "new burdens" of which plaintiff complains were created not by DOD's notice, but by the statute, which DOD implemented. Notice and comment were not required.

■ Plaintiff also argues that only the Office of Personnel Management ("OPM"), and not the DOD, had authority to adopt regulations under § 5520a. That argument also fails. In accordance with the statute, the President delegated rulemaking authority to OPM. Executive Order No. 12897, 59 Fed. Reg. 5517 (Feb. 3, 1994). OPM then adopted 5 C.F.R. § 582.501, which ordered agency heads to issue rules under § 5520a that were "consistent with" any OPM rules. Accordingly, after Congress amended § 5520a(j) to allow agencies to charge administrative fees to creditors, DOD published its notice in the Federal Register, *supra.* Plaintiff does not refer to any regulation promulgated by OPM with which DOD's rule is inconsistent.

■ Finally, plaintiff suggests that the deduction of an administrative fee from the

amount withheld from a federal employee's wages amounts to a taking without just compensation. Plaintiff's argument ignores two critical facts—that garnishment was the means plaintiff chose for collecting its judgment, and that plaintiff received a service from the government in exchange for the fee. The federal government did nothing more than play the role of collection agent. *See Randolph,* 110 F.3d at 79–80 (citing *Loftin v. Rush,* 767 F.2d 800, 809 (11th Cir.1985)).