Robert HOLMES, et al., Plaintiff,

v.

AC & S, INC., et al., Defendants.

Nos. CIV.A. 2:04CV7633, CIV.A. 2:03CV7579, CIV.A. 2:03CV7580, CIV.A. 2:04CV7581, CIV.A. 2:04CV7625, CIV.A. 2:04CV7626, CIV.A. 2:04CV7627, CIV.A. 2:04CV7628, CIV.A. 2:04CV7629, CIV.A. 2:04CV7630, CIV.A. 2:04CV7631, CIV.A. 2:04CV7632, CIV.A. 2:04CV7634, CIV.A. 2:04CV7635, CIV.A. 2:04CV7636, CIV.A. 2:04CV7637, CIV.A. 2:04CV7638, CIV.A. 2:04CV7639, CIV.A. 2:04CV7640, CIV.A. 2:04CV7641, CIV.A. 2:04CV7642, CIV.A. 2:04CV7643, CIV.A. 2:04CV7644, CIV.A. 2:04CV7645, CIV.A. 2:04CV7646, CIV.A. 2:04CV7647, CIV.A. 2:04CV7648, CIV.A. 2:04CV7649, CIV.A. 2:04CV7650, CIV.A. 2:04CV7651, CIV.A. 2:04CV7653, CIV.A. 2:04CV7654, CIV.A. 2:04CV7655, CIV.A. 2:04CV7656, CIV.A. 2:04CV7657, CIV.A. 2:04CV7658, CIV.A. 2:04CV7659, CIV.A. 2:04CV7660, CIV.A. 2:04CV7661, CIV.A. 2:04CV7662, CIV.A. 2:04CV7663, CIV.A. 2:04CV7664, CIV.A. 2:04CV7665, CIV.A. 2:04CV7666.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 29, 2004.

Paul A. Weykamp, Law Offices of Paul A. Weykamp, Baltimore, MD, for Robert L. Holmes, Plaintiff.

Maurice Francis Mullins, Spotts Fain PC, Richmond, VA, for Viacom, Inc. f/k/a CBS Corporation f/k/a Westinghouse Electric Corporation, Waco Insulation, Inc. n/k/a Waco, Inc., Garlock, Inc., General Electric Co., Metropolitan Life Insurance Co., Defendants.

## ORDER

FRIEDMAN, District Judge.

Pending before the court is a motion to lift the stay and dismiss this case for lack of subject matter jurisdiction, filed by defendant Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation (hereafter referred to as "Westinghouse" or

"the defendant"). The plaintiff has responded to the motion to dismiss and moves the court to allow this case to be referred to the Judicial Panel on Multidistrict Litigation, which has consolidated all asbestos personal injury actions in the Eastern District of Pennsylvania. The court has reviewed the materials submitted by the parties and, for the reasons set forth herein, **GRANTS** the defendant's motion to lift the stay of this matter, but **DENIES** the defendant's motion to dismiss.

### I. Procedural History

On or about May 31, 2002, the plaintiff commenced this action against Westinghouse and other defendants by filing a Motion for Judgment in the Circuit Court for the City of Newport News, Virginia. Thereafter, the case was transferred to the Circuit Court for the City of Norfolk, Virginia. The defendant was served with process on February 6, 2003.

In his Motion for Judgment, the plaintiff alleges that he was exposed to asbestos and asbestos-containing products while employed as an insulator and a maintenance worker for the Norfolk Naval Shipyard from 1966 to 1967 and 1970 to 1973, and as a maintenance worker for Colonnas Shipyard from 1967 to 1969. The Motion for Judgment does not identify the products manufactured by the defendant to which the plaintiff claims exposure. On December 12, 2003, however, the plaintiff's counsel sent a letter to the defendant in which the plaintiff alleged exposure to turbines containing asbestos that were manufactured by the defendant and installed on United States Navy vessels. This letter alleged that the plaintiff was exposed to such turbines during his labor on the USS Iowa and the USS Coral Sea. The defendant has verified that both of these ships contained Westinghouse products, including turbines and related equipment.

After reviewing the December 12, 2003 letter, the defendant determined that this case was removable to federal court. On January 2, 2004, the defendant filed a Notice of Removal, premised on 28 U.S.C. § 1442(a)(1), which permits removal of civil actions instituted against an officer or agency of the United States, or an individual acting under the authority of such officer. 28 U.S.C. § 1442(a)(1). The Notice was actually received by the Clerk's Office on December 29, 2003; however, it was not filed until January 2, 2004. Along with the Notice of Removal, the defendant filed a Notice of Tag–Along Action, notifying the court that this case may be subject to transfer to the Eastern District of Pennsylvania for consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407.

Prior to removal, while the plaintiff's case was still pending in the Circuit Court for the City of Norfolk, the plaintiff agreed to dismiss his case against defendant Dana Corporation. Apparently an order to this effect was drafted and submitted to the Circuit Court, which entered it on December 31, 2003. Due to an error in drafting, however, the Circuit Court's order dismissed the case against all of the defendants, in its entirety, with prejudice. Neither the defendant nor the plaintiff learned of the state court dismissal of this action until after the defendant filed its Notice of Removal.

As a result of this unexpected occurrence, the defendant, on March 3, 2004, filed a motion to stay the proceedings in this court. In this motion, the defendant maintained that neither the plaintiff nor the defendant learned of the error in the dismissal order until more than twenty-one days after it was entered by the Circuit Court. Accordingly, the plaintiff could not have relied on the Circuit Court's authority under Rule 1:1 of the Rules of the Supreme Court of Virginia to modify or vacate the dismissal order. In the motion to stay, the defendant further acknowledged that it understood that the dismissal order was not intended to dismiss all parties and terminate the case. The defendant revealed that the plaintiff had filed a Notice of Appeal of the dismissal order in the state court and expressed its belief that the plaintiff's appeal might be granted. The defendant requested that the fed-

eral court proceedings be stayed so that in the event the state court dismissal was overturned, the defendant's ability to remove the reinstated case would be preserved. As the plaintiff expressly consented to a stay, the court entered an order on March 9, 2004 staying all proceedings pending the outcome of the plaintiff's appeal.

The defendant filed its motion to lift the stay and dismiss this case on September 23, 2004. In this motion, the defendant claims that the plaintiff failed to perfect an appeal before the state court. Consequently, the Supreme Court of Virginia never considered the December 31, 2003 dismissal order. The defendant contends that the plaintiff's right to appeal the December 31, 2003 order has lapsed, making that order final. As a result, the defendant maintains that this court lacks jurisdiction over a case that has been dismissed in the state court prior to removal.

The plaintiff, in his responsive motion to refer this case to the Judicial Panel on Multidistrict Litigation and in opposing the defendant's motion to dismiss, maintains that after learning of the December 31, 2003 dismissal order, he noticed an appeal in the Circuit Court for the City of Norfolk, Virginia on January 30, 2004. The plaintiff maintains that because Virginia state courts have jurisdiction to receive and docket appeals up to thirty (30) days following an order of dismissal or judgment, an existing case and controversy remained at the time of removal. The plaintiff suggests that this court should exercise appellate jurisdiction over this case and that further proceedings be held on the issue of the error in the order of dismissal entered by the Circuit Court.

## II. Discussion

The motions before the court present the somewhat novel question of the viability of a removed case, after judgment has been entered in state court, when the parties do not dispute that the state court judgment was in error and did not express the intent of the parties. Although it was the defendant that sought removal, the defendant now argues that removal was ineffective because there was no case or controversy to remove subsequent to the Circuit Court's dismissal order. The defendant also claims that, under the *Rooker–Feldman* doctrine, this court lacks jurisdiction to engage in appellate review of a state court decision.

The plaintiff maintains that he is not seeking appellate review of a state court decision. Rather, the plaintiff contends that the parties to this case agree that an error was made in the dismissal order entered by the Circuit Court on December 31, 2003. The plaintiff concludes that there is no decision of the state court for this court to review and that the issue before the court is simply one of whether subject matter jurisdiction over this case exists.

■ At the outset, the court observes that even if subject matter jurisdiction is lacking, outright dismissal of this case is not the proper recourse. The statute governing removal procedure explicitly provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As such, even assuming the court lacks subject matter jurisdiction, the necessary resolution is to return this matter to the state court. *See id.*

The court finds, however, that remand for lack of subject matter jurisdiction is not required in this case. Notwithstanding the defendant's arguments that no case or controversy existed at the time of removal and that this court lacks jurisdiction to review a final state court judgment, the court finds that there did exist an active case to remove and that this court may

exercise its jurisdiction and authority to correct the error made in the Circuit Court dismissal order of December 31, 2003. Furthermore, even if the order of dismissal was not subject to modification by the Circuit Court at the time of removal, the court is not convinced that removal of a closed case, only two days after the order of dismissal and while time for appeal yet existed, left the parties with nothing to remove and leaves the plaintiff with no opportunity for relief.

### A. Finality of Circuit Court Dismissal Order

The court first considers the defendant's argument that no active case or controversy existed such that this case could not have been removed from the Circuit Court. The defendant argues that the December 31, 2003 order of dismissal resulted in a complete termination of the case between the parties. The court, relying on the Virginia state law governing final judgments and the federal law governing removal, and in considering the circumstances presented by this case, finds this argument to be incorrect.

### 1. Jurisdiction of State Court upon Removal / Posture of Removed Case

■ The defendant's argument fails to recognize that the filing of a notice of removal in the state court terminates the state court's jurisdiction over the matter. *See* 28 U.S.C. § 1446; *Stone v. South Carolina,* 117 U.S. 430, 432, 6 S.Ct. 799, 29 L.Ed. 962 (1886); *Burroughs v. Palumbo,* 871 F.Supp. 870, 871 (E.D.Va.1994). This loss of jurisdiction is effective immediately upon the filing of the notice of removal in both the federal and state court. *See State of South Carolina v. Moore,* 447 F.2d 1067, 1073 (4th Cir.1971) (holding that proceedings after filing of notice of removal in state court are void because state court loses all jurisdiction after filing of notice in federal court and in state court). If there

is any time period between the filing of the notice of removal in federal court and its filing in state court, concurrent jurisdiction exists. *See Burroughs,* 871 F.Supp. at 872. It appears to the court that the Notice of Removal was effectively filed in federal court on January 2, 2004. There has been no showing of when the proper notice was filed in the Circuit Court. Nevertheless, removal jurisdiction commenced in this court on January 2, 2004. *See id.*

■ Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court. *See id.* at 873 (citing *Butner v. Neustadter,* 324 F.2d 783, 785 (9th Cir.1963); *Munsey v. Testworth Lab.,* 227 F.2d 902, 903 (6th Cir.1955)). The defendant notes that the plaintiff failed to perfect an appeal in the state court subsequent to removal and was unable to take any other post-judgment measures. This has no bearing on removal jurisdiction, however, as the court examines the status of the case at the time of removal and need not consider what has transpired afterwards in the state court. In fact, because removal to federal court suspends any subsequent state court proceedings, the plaintiff could not even have acted to perfect an appeal in the state system. *See Levine v. Lacy,* 204 Va. 297, 300, 130 S.E.2d 443 (1963) (noting that after removal, jurisdiction of state court is suspended until remand and in interim, pleadings cannot be effectively filed in the state court). "Any subsequent proceedings in the state court on the case are void ab initio." *Lewis v. C.J. Langenfelder & Son, Jr., Inc.,* 266 Va. 513, 518, 587 S.E.2d 697 (2003) (citations omitted). This suspension of state court jurisdiction does not hinge on whether the removal to federal court is proper. *See id.*

■ Removal of a case from state to federal court neither nullifies what the state court did, nor precludes the federal court from taking further steps that it could have taken if the case had originated there. *See Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 436, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (finding that state court orders entered before removal only have same force in effect in federal court as they would have had in state court); *Hill v. United States Fidelity & Guar. Co.,* 428 F.2d 112, 115 (5th Cir.1970) (noting that power to reexamine orders is not lost by removal). The court must determine, then, given the particular posture of this case upon removal, whether it would be properly within this court's authority to modify the December 31, 2003 dismissal order, assuming that the case had been initiated in federal court. This inquiry begins with the status of the case when it left the state court.

### 2. Rule 1:1

■ The defendant effected its removal of this case merely two days after the December 31, 2003 order of dismissal. The defendant argues that this order was final, as it disposed of the plaintiff's entire case, albeit based on a scrivener's error. The proper analysis in determining whether a removable case existed does not examine whether the order was final at the time entered, but whether the order was still subject to the state court's modification or jurisdiction at the time of removal. *See In re Meyerland Co.,* 960 F.2d 512, 517 (5th Cir.1992) (noting that significant factor in reviewing removal of case on appeal was not whether appeal had been filed but whether state court remedies had yet to be exhausted at time of removal).

Rule 1:1 of the Rules of the Supreme Court of Virginia provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to

be modified, vacated or suspended for twenty-one days after the date of entry, and no longer." Thus, the Circuit Court loses jurisdiction over the case after the expiration of twenty-one days after the entry of a judgment. *See Rook v. Rook,* 233 Va. 92, 94–95, 353 S.E.2d 756 (1987). At the time of removal of this case, only two days after the entry of the dismissal order, the Circuit Court still had the authority to modify or vacate this judgment. Accordingly, the order was not final when removed within the scope of Rule 1:1. *See Berean Law Group, P.C. v. Cox,* 259 Va. 622, 626, 528 S.E.2d 108 (2000) (noting that circuit court has twenty-one days after entry of order to suspend, modify or vacate it); *Davis v. Mullins,* 251 Va. 141, 148–49, 466 S.E.2d 90 (1996).

As this court takes the case in the posture in which it departed the state court, the court finds that because the Circuit Court still had the authority to vacate its December 31, 2003 judgment at the time of removal, the case was not closed and the Circuit Court's order is subject to modification by this court. *See Granny Goose,* 415 U.S. at 436, 94 S.Ct. 1113 (finding that state court orders entered before removal only have same force in effect in federal court as they would have had in state court); *Wick v. IRS,* 126 Bankr.229, 231 (Bkrtcy.W.D.Va.1991) (finding that Virginia state court judgment is not final for purposes of execution until expiration of twenty-one day period); *Cox,* 259 Va. at 626, 528 S.E.2d 108 (noting that order of circuit court becomes final twenty-one days after its entry unless modified, vacated, or suspended by court during that time).

That this court has not acted within twenty-one days to vacate the Circuit Court's order is of no consequence. Federal, not state, law governs removal proceedings and this court is not bound by

state court procedural rules in determining what action to take with a case once the court determines that a state court order was subject to modification at the time of removal. *See Grubbs v. Gen. Elect. Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Metro N. State Bank v. Gaskin,* 34 F.3d 589, 592 (8th Cir.1994) ("federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal"). The Federal Rules of Civil Procedure do not contain a twenty-one day limitation, analogous to Rule 1:1, for the type of modification needed in this case. Furthermore, the federal statutes governing removal indicate that the district court may modify orders of the state court that occurred prior to removal. *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *see also Hill,* 428 F.2d at 115 (5th Cir.1970) (noting that power to reexamine orders is not lost by removal).

### 3. Federal Rule of Civil Procedure 60(a)

If the December 31, 2003 order had been entered by this court, there exists a provision in the Federal Rules of Civil Procedure by which the court, on its own initiative, may rectify a drafting error committed by the parties. Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative." Fed. R.Civ.P. 60(a). The defendant does not dispute the fact that the order of December 31, 2003 dismissing this case against it and all other defendants with the exception of Dana Corporation was entered as a result of a drafting error. Indeed, the basis for the defendant's motion to stay this matter in March 2003 was its acknowl-edgment that an error had been committed in the Circuit Court order and its belief that the Supreme Court of Virginia would act to rectify the error. The court finds that the parties clearly did not intend to dismiss this case in its entirety. *See In re West Texas Mktg. Corp.,* 12 F.3d 497, 503–04 (5th Cir.1994) (noting that Rule 60(a) is available to correct mistakes by parties). Had the error committed in the state court been committed in an order of this court, Rule 60(a) would provide a means of relief. Because the court must treat the pre-removal state court proceedings as if they occurred before this court, the court determines that the December 31, 2003 order dismissing this entire case was in error. *See Hill,* 428 F.2d at 115 (noting that power to reexamine orders is not lost by removal). Accordingly, the court will exercise its authority under Rule 60(a) to modify the effect of the Circuit Court order to dismiss only Dana Corporation. This modification recognizes and restores the true intentions of the parties.

### 4. Va.Code Ann. § 8.01–428(B)

The court also observes that even if Rule 1:1 operated to deny the plaintiff an opportunity to request modification of the dismissal order in the Circuit Court and that the rules governing state court proceedings controlled future federal proceedings in this matter, a means of relief would have been available to the plaintiff in the state court outside the scope of the twenty-one day limit of Rule 1:1. In a fashion similar to the federal analog of Rule 60(a), Virginia Code section 8.01–428(B) provides the state court with the power to correct, at any time, "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission." Va.Code. Ann. § 8.01–428(B). Although this statute has no application to errors in the reasoning and conclusions of the court, it applies

to drafting errors made by counsel. *See D'Alessandro v. Commonwealth,* 15 Va. App. 163, 168–69, 423 S.E.2d 199 (Va.Ct. App.1992); *Patterson v. Fauquier County Dept. Soc. Serv.,* 2001 WL 267047 *4, 2001 Va.App. Lexis 144 *11 (Va.App.2001) (noting that failure to enter timely order due to attorney error constituted clerical error within scope of section 8.01–428(B)). The power conferred by section 8.01–428(B) is not limited by Rule 1:1. *See Dorn v. Dorn,* 222 Va. 288, 291, 279 S.E.2d 393 (1981).

The error in the December 31, 2003 order is just the sort of error section 8.01–428(B) and Rule 60(a) were designed to address. As a result of this error, the dismissal order of December 31, 2003 does not set forth the agreed intent of the parties to dismiss only defendant Dana Corporation. Had this case remained in the Circuit Court, the plaintiff could have moved the Circuit Court to correct, nunc pro tunc, this unintended *drafting error* even if the twenty-one day period had expired. *See id.* Similarly, had this case been initiated in federal court, the plaintiff could have moved this court to correct the dismissal order pursuant to Rule 60(a).

The defendant, believing that the plaintiff's time to move for a modification of the dismissal order in the Circuit Court pursuant to Rule 1:1 had expired, argues that the plaintiff's proper recourse would have been to appeal the dismissal order to the Virginia Supreme Court. Because the case had already been removed, however, such an appeal most certainly would have been dismissed for lack of jurisdiction. *See Langenfelder,* 266 Va. at 518, 587 S.E.2d 697 (dismissing appeal of case that had been removed to federal court based on lack of jurisdiction). Even had the plaintiff discovered the error in the dismissal order within twenty-one days, any corrective order entered by the Circuit Court would have been void ab initio, as the removal of this case suspended state jurisdiction until a remand occurred. *See id.*

Accordingly, the court finds that the removal of this case does not have the effect of forcing the plaintiff to forego any remedial action he might have taken in the state court system to rectify the error in the December 31, 2003 order. The court takes the case as it existed in state court, and so must the plaintiff's rights in the state system at the time of removal be preserved before this court. *See Granny Goose,* 415 U.S. at 436, 94 S.Ct. 1113. As the remedial action necessary to correct the error in the dismissal order was available to the plaintiff under the state system at the time of removal, and is also available under the federal rules to remove any jurisdictional defect at this later date, the court finds that the order of December 31, 2003 does not operate to preclude this court from exercising subject matter jurisdiction over this case. *See Lafayette Corp. v. Bank of Boston Int'l South,* 723 F.Supp. 1461, 1463 (S.D.Fla.1989) (indicating that state court orders entered before removal only have same force and effect in federal court that they would have had in state court). Clearly, upon removal, the case had not passed the point of no return in state court where there existed no case or controversy between the parties.

In its motion to dismiss, the defendant relies heavily on the case of *Brown v. District Director,* 2002 WL 1760847 *4 (D.Colo.2002), an unpublished case that has no binding effect on this court, for the proposition that where a case has been dismissed in state court prior to removal, the federal court lacks subject matter jurisdiction. The court finds this case to be inapposite and distinguishable for a number of reasons. In *Brown,* the state court dismissed the case on June 12, 2001. On July 31, 2001, the state court denied the

plaintiff's motion to reconsider. Apparently unaware of either the dismissal of the case or the denial of the motion for reconsideration, the defendant filed a notice of removal on August 17, 2001. The district court concluded that there was no jurisdiction to remove a closed case to federal court. *Brown*, 2002 WL 1760847 at *4. Because there was no action pending in state court on August 17, 2001 that was removable, the court found no case or controversy to decide and, consequently, no subject matter jurisdiction. *See id.*

The facts of the instant removal scenario are markedly different from those presented in *Brown*. In *Brown*, the attempted removal occurred over two months after the case had been dismissed and after a motion for reconsideration had been denied. There was no indication of any error in the order of dismissal. There was no indication that the plaintiff had noted an appeal or in any other way attempted to keep the case alive. The time for appeal or for filing any post-judgment motions for relief may very well have expired.

In contrast to the posture of the removed case in *Brown*, removal occurred in the instant case two days after the December 31, 2003 dismissal order, which all parties acknowledge was in error. The plaintiff had no opportunity to seek either modification of the order or to notice an appeal because the state court was divested of jurisdiction at the time of removal. Furthermore, state court remedies were available to the plaintiff at the time of the removal and such remedies have a federal analog in Rule 60(a). Thus, the factors of "finality" that would force the court to construe the instant case as a "closed case" did not attach prior to removal, as they apparently had in *Brown*.

### B. Removal Post Judgment

Even if the court did consider the December 31, 2003 order to have been a final judgment between the parties, such that the order would not have been subject to modification by the Circuit Court, such a finding would not necessarily require remand for lack of subject matter jurisdiction. As is argued by the defendant, the court does recognize that a final judgment of a state court generally precludes removal of a matter to federal court because the final judgment of the state court is binding on the federal court and an ending of the case in the state court results in there being nothing to remove to federal court. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 n. 6 (11th Cir.1988). This general proposition, however, is subject to certain exceptions based on the nature of the proceedings in the state court and the federal statute relied upon in support of removal.

### 1. Federal Officer Removal

■ The defendant removed this case based on 28 U.S.C. § 1442, the federal officer removal statute. The court is aware of one reported case in which a defendant, in reliance on section 1442, removed a case that had proceeded to final judgment in the state court. *See Hadley–Memorial Hosp. v. Kynard*, 981 F.Supp. 690, 692 (D.D.C.1997). In *Hadley*, the court noted that five courts of appeal had determined that the special removal power granted to the Resolution Trust Corporation ("RTC") and the Federal Deposit Insurance Corporation ("FDIC") by 12 U.S.C. §§ 1441 and 1819(b)(2) permitted removal of state court cases in which final judgments had been entered at the trial level. *See Hadley–Memorial Hosp. v. Kynard*, 981 F.Supp. 690, 692 (D.D.C.1997).

The *Hadley* court determined that the plain language of section 1442 closely resembled the language of the statutes granting removal power to the FDIC and RTC. The court further observed that

"[t]here is no question of Congress' power to grant this sort of removal jurisdiction, since Congress can grant federal removal jurisdiction over state court cases that are still on appeal." *Id.* (citing *Tennessee v. Davis,* 100 U.S. 257, 269, 25 L.Ed. 648 (1900); *Gaines v. Fuentes,* 92 U.S. 10, 18, 2 Otto 10, 23 L.Ed. 524 (1900); *Martin v. Hunter's Lessee,* 14 U.S. 304, 349, 1 Wheat. 304, 4 L.Ed. 97 (1816)). The *Hadley* court concluded that "the legislative history of [section] 1442 does not exclude and is in fact consistent with allowing post-judgment removals." *Id.* Accordingly, the court found that it could exercise proper subject matter jurisdiction over a state court judgment when section 1442 was used as the basis for removal.

The United States Court of Appeal for the Fourth Circuit, in interpreting the same statute granting removal authority to the RTC that the *Hadley* court examined, also determined that this statute permitted the removal of a case post-judgment. *See Resolution Trust Corp. v. Allen,* 16 F.3d 568, 573 (4th Cir.1994). The Fourth Circuit determined that upon removal, "the district court would adopt the state court judgment as its own, [and] ... the judgment would be treated the same as other judgments entered by the district court and the parties would follow the ordinary rules regarding post-judgment remedies." *Id.* The Fourth Circuit indicated that such remedies would include the filing of motions pursuant to the applicable Federal Rules of Civil Procedure or a timely notice of appeal. *See id.*

The defendant contends that the statutory basis for removing RTC cases to federal court is entirely different from the defendant's reliance on 28 U.S.C. § 1442(a) as a basis for removal. While the statutory basis is different, the language used in the RTC removal statutes and the federal officer removal statute is similar. *Hadley,* 981 F.Supp. at 692. In interpreting a removal statute, the court "must look to the plain language and meaning of [the removal statute], the Constitutional authority of Congress to grant this sort of removal jurisdiction, and whether there is any reason to think that Congress could not have intended this result." *Id.* (quoting *In re Meyerland Co.,* 960 F.2d 512, 516 (5th Cir.1992)). The legislative history of section 1442 does not specifically exclude and is in fact consistent with allowing post-judgment removals. *See id.* The language of the section 1442 does not distinguish cases that have proceeded to judgment from cases that have not. *See id.*

The court agrees with the interpretation of section 1442 set forth in *Hadley.* Insofar as the purpose of federal officer removal statute is to prevent federal officers, or those acting at their direction, from being held accountable in the state courts for acts done within the scope of their federal duties, *Gurda Farms, Inc. v. Monroe County Legal Assistance Corp.,* 358 F.Supp. 841, 843 (S.D.N.Y.1973), the policy of strictly construing the general removal statute, 28 U.S.C. § 1441, to favor remand in doubtful cases, particularly those removed on diversity grounds, may not necessarily apply to section 1442. As the federal officer removal statute operates to prevent state court interference with and maintain the supremacy of the federal government, it would seem of little consequence whether a case was removed prior to or following a state court judgment, so long as the removal is otherwise timely and proper. *See In re Meyerland Co.,* 960 960 F.2d 512, 517 (5th Cir.1992) (discerning no reason to confine interpretation of "action" in similarly worded FDIC removal statute to actions that have not reached judgment). Like the FDIC and RTC removal statutes, and unlike those cases removed based on diversity alone, removal under section 1442 must involve a federal issue, which the federal courts are better-equipped to address. *See id.* In the case

of section 1442, this issue must be a federal defense, which the federal government has an interest in applying and interpreting.

Although a federal defense is necessary for removal, the federal officer removal statute provides a narrow exception to the well-pleaded complaint rule. *See Jefferson County v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). So long as the suit against the defendant involves an act committed under color of office, section 1442 permits removal by a federal officer or agency. The basis for federal jurisdiction need not appear on the face of the complaint itself. *See Acker*, 527 U.S. at 431, 119 S.Ct. 2069. This privilege extended to federal officers and agencies that meet the statutory prerequisites of federal officer removal evinces the interest of Congress in providing access to a federal forum in order to protect the supremacy and uniform application of federal law. Section 1442 does not state that this interest extends only to those cases which have not reached a final judgment in state court. Based on the purpose of the federal officer removal statute to preserve federal supremacy, there appears to be no reason to read this limitation into it.[1]

The guidance of *Hadley* and the instruction of *Allen* suggests to the court that section 1442 may be used to remove a case after judgment has been entered in the state court. While the court must adopt the judgment of the Circuit Court as its own, this does not preclude any applicable post-judgment relief that would be avail-able had this case been initiated in federal, rather than state, court. "In exercising removal jurisdiction over an action, the district court sits, not as an appellate tribunal, but as a surrogate of the state trial court. It assumes that everything that transpired in the action prior to removal occurred in federal court." *Fed. Deposit Ins. Corp. v. Taylor*, 727 F.Supp. 326, 329 (S.D.Tex.1989). As the court has explained above, Rule 60(a) permits the court to grant post-judgment relief based on a clerical error. Fed.R.Civ.P.60(a).

2. Appeal

■ The defendant also argues that in the RTC removal cases cited by the plaintiff, the RTC removed the cases while an appeal was pending. The defendant contends that there was no appeal pending when this case was removed; as such, there was no active case to remove. The court finds that this argument strains credulity. First of all, this case was removed only two days after the order of dismissal was entered and prior to the plaintiff even receiving notice of the dismissal order. There was neither the time nor the opportunity for an appeal to be taken by the plaintiff prior to removal. Furthermore, as the removal suspended state court jurisdiction the plaintiff would not have been able to appeal the order of dismissal in the state court. *See Langenfelder*, 266 Va. at 518, 587 S.E.2d 697 (noting that state court cannot proceed with case that has been removed to federal court unless and until remand occurs).

Finally, the case was removed during the time for filing an appeal. It is illogical that the immediate removal of a case after final judgment has been entered would

---

1. The plaintiff has not contested that the defendant meets the requirements of the federal officer removal statute, so the court need not entertain and explore this issue. Due to the unusual posture of this case, the plaintiff takes the position that removal is proper.

This discussion of whether a state case may be removed pursuant to section 1442 following a final judgment is premised on the assumption that the removal otherwise meets the statutory requirements of federal officer removal.

operate to truncate the plaintiff's appellate rights. The defendant maintains that its request for a stay was intended to enable the plaintiff to pursue an appeal in the state court, but clearly this would not have been possible, as the state court lost jurisdiction upon removal. *See id.* The court finds that the plaintiff's failure to perfect an appeal does not operate to bar this court's jurisdiction over the removed case. What is of consequence is that the case was removed within the time period for the plaintiff to appeal, while the plaintiff's state appellate rights remained alive. Thus, removal was effected prior to the exhaustion of any appellate proceedings. *See Meyerland,* 960 F.2d at 517 (noting that significant factor in determining whether removal can be accomplished on appeal is not whether appeal is pending but whether state appellate proceedings had been exhausted).

### 3. *Rooker–Feldman* Doctrine

■ Finally, the defendant also contends that, pursuant to the *Rooker–Feldman* doctrine, this court lacks jurisdiction to grant the plaintiff the appellate relief he seeks. This doctrine generally bars a party that has lost in state court from seeking what, in substance, would amount to appellate review of the state judgment in a federal district court. *See Am. Reliable Ins. Co. v. Stillwell,* 336 F.3d 311, 316 (4th Cir.2003). In response, the plaintiff maintains that he is not seeking appellate review of a state court judgment; rather, the plaintiff stresses that all parties to this case have agreed that an error was committed in the entry of the December 31, 2003 order of dismissal. As such, the plaintiff maintains that he is not asking this court to review the merits of a state

court decision such that *Rooker–Feldman* would be implicated.

■ The court agrees with the plaintiff. The defendant misapprehends the nature and applicability of the *Rooker–Feldman* doctrine to removed cases. First announced in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and later affirmed in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the *Rooker–Feldman* doctrine holds that, among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments. *See Am. Reliable Ins. Co.,* 336 F.3d at 316.

■ Following removal, the dismissal order entered by the Circuit Court in this case must now be treated as if it was entered in this court. *See Allen,* 16 F.3d at 573. The *Rooker–Feldman* doctrine does not work to defeat a district court's authority over the management of its own case "even where the exercise of such management has the secondary effect of voiding a state court determination." *In re Diet Drugs,* 282 F.3d 220, 241–42 (3d Cir.2002). Furthermore, the *Rooker–Feldman* doctrine does not apply to any review that is authorized by Congress. *See Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002). As 28 U.S.C. § 1450 authorizes the district court review of state court orders entered prior to removal, there exists an independent statutory basis permitting reconsideration of the state court determination. *See Nasso v. Seagal,* 263 F.Supp.2d 596, 608 ( E.D.N.Y.2003). Accordingly, the court finds that the defendant's reliance on *Rooker–Feldman* in support of its argument that subject matter jurisdiction is lacking is misplaced.[2]

**2.** The court can also not overlook the fact that this case is before it not by any action of the plaintiff in attempting to seek appellate review of a state court decision, but because the

defendant took the affirmative step of removing this case to federal court. The plaintiff has not sought to circumvent state court appellate review in a way that *Rooker–Feldman*

Even assuming *Rooker–Feldman* applies, the court is not engaging in appellate review of this matter. The modern view of removal is that it is more closely akin to original than to appellate jurisdiction because once the case is removed, it is treated as if it had commenced in federal court. *See Meyerland,* 960 F.2d at 516 n. 6 (citing *Freeman v. Bee Machine Co.,* 319 U.S. 448, 452, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943)). The older approach to removal jurisdiction viewed removal as an appeal because the proceeding did not commence in federal court. *See id.* (citing *Barrow v. Hunton,* 99 U.S. 80, 82–83, 25 L.Ed. 407 (1900)). Under the modern understanding, removing this case does not constitute the appeal of a state court judgment to federal court. *See id.*

The court's review and modification of the Circuit Court dismissal order is limited to correcting a clerical error that did not reflect the intent of the parties. The defendant has acknowledged the scope of this error and understands that the December 31, 2003 order was not intended to dismiss all defendants and end the case. The court acts to prevent an injustice caused by poor draftsmanship, and does not engage in any appellate review of the reasoning behind the state court determination. *See Norris v. Meritor Fin. Group,* 1993 WL 183984 *4 (E.D.Pa.1993) (noting that although district court should not "step into shoes" of state supreme court, removal of case deprived plaintiffs of opportunity to seek state court appellate review and considering case on removal from aspect of motion for post-judgment relief or as motion for reconsideration of prior state court dismissal order). In a sense, this court employs a "judicial eraser" to remedy an

error and uncover the true reasoning of the Circuit Court that would have been evident had the dismissal order been properly prepared. *See Alpern v. UtiliCorp United,* 84 F.3d 1525, 1539 (8th Cir.1996) (observing that Rule 60(a) permits court to allow relief from judgment based on clerical error when true intentions of parties are clear); *see also Maseda,* 861 F.2d at 1252 (finding that state court summary judgment on cross-claim did not foreclose modification of judgment by federal court)

III. Conclusion

For these reasons, the court finds that this case was subject to removal from the Circuit Court for the City of Norfolk in spite of the dismissal order entered on December 31, 2003, because, at the time of removal, the Circuit Court possessed jurisdiction to modify or vacate its order. As this court assumes management over the case in the same posture in which it left the state court, the dismissal order may be corrected by this court to reflect the true intentions of the parties. The court also notes that the necessary modification is expressly permissible pursuant to both federal and state procedural rules and finds that such modification does not constitute impermissible appellate review of a state court decision.

Accordingly, the defendant's motion to lift the stay of this matter, entered on March 9, 2004, is **GRANTED**. The defendant's motion to dismiss this case for lack of subject matter jurisdiction is **DENIED**. The court **ADOPTS** and **VACATES** the Circuit Court dismissal order of December 31, 2003, and **DISMISSES** the case against defendant Dana Corporation, with prejudice. This case will be transferred to

---

is intended to prohibit. Rather, removal acts to preclude the plaintiff from obtaining such review. Admittedly, neither party knew of the error in the dismissal order upon removal, yet the court does not believe that the defendant

should benefit from this error in reliance on *Rooker–Feldman,* considering that it was the defendant's Notice of Removal that placed this matter before the court.

676

the Eastern District of Pennsylvania where all federal court asbestos personal injury actions have been consolidated in a single forum pursuant to 28 U.S.C. § 1407.[3]

The Clerk is **REQUESTED** to mail copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

---

3. Although discussed from the vantage point of plaintiff Robert Holmes, this Order applies in equal measure to all of the asbestos cases on the attached list.