■ ARTHUR RUESCH, Appellant, v WENDY RUESCH, Respondent. [965 NYS2d 190]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated June 25, 2012, as, upon granting that branch of his motion which was to hold the defendant in civil contempt for violation of a so-ordered stipulation of the same court dated February 15, 2012, suspended maintenance payments and imposed a fine in the sum of $250 per day upon the defendant only prospectively, commencing June 26, 2012, until she purged her contempt, and denied that branch of his motion which was for an award of an attorney's fee.

Ordered that the order dated June 25, 2012, is affirmed insofar as appealed from, without costs or disbursements.

During the pendency of this action for a divorce and ancillary relief, the defendant was awarded, inter alia, exclusive possession of the marital home, temporary custody of the parties' children, and pendente lite maintenance and child support. At some point, the defendant permitted her alleged paramour to move into the marital home. In a so-ordered stipulation dated February 15, 2012, the defendant agreed that her paramour was barred from entering the marital home absent further order of the court. In March 2012, the plaintiff moved by order to show cause, inter alia, to hold the defendant in contempt of the so-ordered stipulation because the paramour continued to reside in the marital residence in violation thereof. The plaintiff requested, inter alia, that the defendant be fined and incarcerated, that her maintenance award be suspended, and that he be awarded an attorney's fee in the sum of $10,000. Upon the

defendant's admission that she permitted her paramour to continue to reside in the marital residence in violation of the so-ordered stipulation, the Supreme Court granted that branch of the plaintiff's motion which was to hold her in contempt, pursuant to Judiciary Law § 753. The Supreme Court temporarily suspended maintenance payments and imposed a fine in the sum of $250 for each day the defendant remained in continuing violation of the so-ordered stipulation, prospectively, commencing June 26, 2012, until she purged her contempt by demonstrating compliance with the so-ordered stipulation. On appeal, the plaintiff contends that the court should have suspended maintenance payments and imposed a fine retrospectively from the first day the defendant violated the so-ordered stipulation and thereafter prospectively until she demonstrated compliance.

"[U]nlike fines for criminal contempt where deterrence is the aim and the State is the aggrieved party entitled to the award, civil contempt fines must be remedial in nature and effect. The award should be formulated not to punish an offender, but solely to compensate or indemnify private complainants" (*State of New York v Unique Ideas*, 44 NY2d 345, 349 [1978] [citations omitted]). In the instant matter, the Supreme Court held the defendant in civil contempt. "Coercive penalties designed to modify the contemnor's behavior, generally speaking, are civil in nature, while penalties meant to punish the contemnor for past acts of disobedience are criminal" (*New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO*, 35 AD3d 73, 86 [2006]). Thus, a fine "is considered civil and remedial if it either coerces the recalcitrant party into compliance with a court order, or compensates the claimant for some loss . . . If a fine is not compensatory, it is civil only if the contemnor is given an opportunity to purge" (*id.* at 86, citing *Mine Workers v Bagwell*, 512 US 821, 829 [1994]). Here, where the plaintiff failed to prove an actual loss, any penalty that punished the defendant for her past acts of disobedience would have been within the rubric of a criminal contempt and thus improper within this civil contempt adjudication (*see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO*, 35 AD3d at 88). Accordingly, the Supreme Court did not err in suspending maintenance payments and imposing a fine only prospectively.

The plaintiff's remaining contention regarding the Supreme Court's denial of that branch of his motion which was for an award of an attorney's fee is without merit. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.