Kozel v Kozel (2018 NY Slip Op 03906)





Kozel v Kozel


2018 NY Slip Op 03906


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


350045/15 -258

[*1] Ashley Kozel, Plaintiff-Respondent,
v
Todd Kozel, Defendant. Inga Kozel, Nonparty Appellant.


Cinque & Cinque, P.C., New York (James P. Cinque of counsel), for appellant.
Meister Seelig & Fein LLP, New York (Kevin Fritz of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Lucy Billings, J.), entered July 6, 2016, which granted plaintiff's motion to hold nonparty witness Inga Kozel in contempt of an order, same court and Justice, dated April 22, 2016, and imposed a civil contempt fine of $250 per day commencing June 29, 2016, for her continued contempt of that order, and to compel her compliance with plaintiff's subpoena dated April 28, 2016, unanimously dismissed, without costs.
Nonparty witness Inga Kozel filed her notice of appeal after she initiated a removal proceeding to federal court. As such, the notice was filed at a time when the IAS court lacked jurisdiction, and thus the notice was void ab initio (see 28 USC § 1446[d]; Holmes v AC & S, Inc., 388 F Supp 2d 663, 667 [ED Va 2004]). After the matter was remanded, Inga had sufficient time to file a notice of appeal, which she failed to do (see Strasser v KLM Royal Dutch Airlines, 631 F Supp 1254, 1257 [CD Cal 1986] [period to appeal tolled upon the filing for removal]). Contrary to Inga's contention, her rights are not compromised by our holding, as she would have had recourse to challenge the order if the federal court had retained jurisdiction (see Holmes, 388 F Supp 2d at 667; see generally Breedlove v Cabou, 296 F Supp 2d 253, 263-266 [ND NY 2003]).
Also, Inga failed to appeal from a judgment entered subsequent to the order purportedly appealed from, which fined her for her continued contempt of that order. Accordingly, Inga's appeal is also dismissed on the ground that the order terminated with entry of the judgment (see generally Matter of Aho, 39 NY2d 241, 248 [1976]), and we decline to exercise our discretion under CPLR 5520(c), which applies to defects in form, because the notice of appeal was jurisdictionally defective under CPLR 5513 when filed.
In any event, even if we were to consider the appeal, Inga's arguments are without merit. Contrary to her contention, she was properly served with plaintiff's order to show cause. The order to show cause directed plaintiff to serve Inga under CPLR 308 and her counsel by overnight mail on or before June 20, 2016. Inga's claim that her counsel was untimely served because he did not receive papers until June 21, 2016 is without merit (see CPLR 2103[b][6] [service is complete upon deposit into the custody of the overnight delivery service]). Likewise, the record supports that Inga was personally served at the New York City apartment she and defendant owned, which constituted her "dwelling place or usual place of abode within the state" for the purposes of CPLR 308 (see Krechmer v Boulakh, 277 AD2d 288, 289 [2d Dept 2000]). Given that Inga averred in an affidavit sworn to in March 2016 that she could not return to her home country of Lithuania, and had relocated to New York, service under the Hague Convention was inapplicable (see generally Volkswagenwerk Aktiengesellschaft v Schlunk, 486 US 694, 698 [*2][1988]). Since Inga was properly served with the contempt motion, and had knowledge of the terms of the subject order of which she was in violation, the court was empowered to find her in contempt without plaintiff commencing a special proceeding (see Citibank v Anthony Lincoln-Mercury, 86 AD2d 828, 829 [1st Dept 1982]). Finally, the court properly
imposed a daily civil contempt fine of $250 to compel Inga's compliance (see Ruesch v Ruesch, 106 AD3d 976, 977 [2d Dept 2013]).
M-258 - Ashley D. Kozel v Todd Kozel
Motion to dismiss appeal on the ground that
notice of appeal, filed when the federal court
had exclusive jurisdiction, was void ab initio,
denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK