Pacific Alliance Asia Opportunity Fund L.P. v Kwok Ho Wan (2021 NY Slip Op 06051)





Pacific Alliance Asia Opportunity Fund L.P. v Kwok Ho Wan


2021 NY Slip Op 06051


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kennedy, Mendez, JJ. 


Index No. 652077/17 Appeal No. 14555 Case No. 2021-01010 

[*1]Pacific Alliance Asia Opportunity Fund L.P., Plaintiff-Respondent,
v
Kwok Ho Wan, Also Known as Kwok Ho, etc., Defendant-Appellant, Genever Holdings LLC, et al., Defendants.


Ganfer Shore Leeds & Zauderer LLP, New York (Ira Brad Matetsky of counsel), for appellant.
O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered March 17, 2021, which granted the motion of plaintiff Pacific Alliance Asia Opportunity Fund L.P. to hold defendant Kwok Ho Wan in contempt of court, and imposed a fine of $500,000 for every day after May 15, 2021 in which a $27 million yacht remains outside the court's jurisdiction in violation of prior orders, unanimously affirmed, with costs.
The motion court acted within its discretion in holding defendant in civil contempt, as plaintiff established by clear and convincing evidence that defendant violated a lawful, clear mandate of the court, of which he had knowledge, and that such violation resulted in prejudice to plaintiff's rights (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Judiciary Law § 753).
Contrary to defendant's argument, the court did not commit a procedural defect under Judiciary Law § 770 because it did not issue a final order of contempt. Further, the evidence shows that the daily fine of $500,000 was intended to strongly encourage defendant to purge himself of the contempt, which, despite being permitted two months to accomplish, he has shown no interest in doing (see e.g. Ruesch v Ruesch, 106 AD3d 976, 977 [2d Dept 2013]). The motion court is instructed to proceed with an evidentiary hearing to resolve a dispute as to ownership and control of the yacht, and to assess appropriate penalties. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021