252 F.3d 663 (2nd Cir. 2001)
 ANNIE PARKER, PPA ANNIE GIBSON, PLAINTIFF-APPELLANT,
v.
ANTHONY DELLA ROCCO, JR., WEBSTER BANK, FORMERLY KNOWN AS FIRST FEDERAL BANK, FORMERLY KNOWN AS FIRST CONSITUTION BANK, NEW HAVEN HEALTH DEPT, DEFENDANTS-APPELLEES,
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEFENDANT.
 Docket No. 00-6340
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: May 29, 2001
Decided June 12, 2001
 
 1
 Appeal from an order of the United States District Court for the District of Connecticut (Janet Bond Arterton, Judge) denying plaintiff's motion to set aside its judgment against her as void for lack of subject matter jurisdiction.
 
 
 2
 AFFIRMED.
 
 
 3
 John-Henry M. Steele, Votre & Associates, New Haven, Ct., for Appellant.
 
 
 4
 Kevin P. Walsh, Cella, McKeon & Williams, North Haven, Ct., for Appellee Della Rocco.
 
 
 5
 Audrey C. Kramer, Office of Corporation Counsel, for Appellee New Haven Health Department.
 
 
 6
 Stephen R. Griffin, Griffin & Griffin, Waterbury, Ct., for Appellee Webster Bank.
 
 
 7
 Before: Calabresi and Katzmann, Circuit Judges, and Kaplan,* District Judge.
 
 Per Curiam
 
 8
 This dispute arises out of the injuries allegedly sustained by plaintiff-appellant Annie Parker, now a seven-year old child, from lead paint in her New Haven residence. Several years ago, the district court dismissed the suit for plaintiff's failure to comply with court rules. More recently, the court rejected plaintiff's motion challenging its jurisdiction to enter that judgment, and plaintiff appeals from that decision. We affirm.
 
 
 9
 In late 1997, Annie Gibson, Parker's mother, brought suit on Parker's behalf in Superior Court for the Judicial District of New Haven against defendants-appellees Webster Bank, the New Haven Health Department, and Anthony Della Rocco, who, in some combination, plaintiff alleges owned or managed the property in question. Parker also named as a defendant the United States Department of Housing & Urban Development (HUD), which subsidized Gibson's rent through its "Section 8" program, see generally Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 296 (2d Cir. 1998).
 
 
 10
 On January 5, 1998, the case was removed to the United States District Court for the District of Connecticut (Janet Bond Arterton, Judge) pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of suits against "[t]he United States or any agency thereof." On March 9, the district court issued a "Notice to Counsel" (1) pointing out that the parties had failed to comply with a local rule requiring that a Federal Rule of Civil Procedure 26(f) discovery report be filed within 40 days of removal, (2) ordering that the report (and an explanation for the delay) be filed within 10 days of the notice, and (3) threatening both sanctions and dismissal for failure to comply. On March 19, 1998, plaintiff voluntarily withdrew her claims against HUD. She did not, however, submit the required discovery report, explain her failure to do so, move for the case to be remanded to state court, or challenge the district court's exercise of jurisdiction in the absence of HUD as a defendant. On March 25, 1998, the district court dismissed the case for failure to comply with its rules and orders.
 
 
 11
 Two and a half years later, plaintiff, with the benefit of new counsel, moved under Federal Rule of Civil Procedure 60(b)(4) for the district court to void its judgment against her on the ground that it had lacked subject matter jurisdiction over the suit.[1] The court held that removal was proper under 28 U.S.C. § 1442(a)(1), that the subsequent dismissal of the claims against HUD did not strip the court of its supplemental jurisdiction over the pendent claims, and that it had the discretion to exercise supplemental jurisdiction over those claims. On appeal, as below, plaintiff argues primarily that dismissal of the federal defendant eliminated the basis for federal jurisdiction and that, therefore, there was no claim to which the state claims were "supplemental"; she argues in the alternative that it was an abuse of discretion to exercise supplemental jurisdiction.
 
 
 12
 The district court's analysis of its supplemental jurisdiction was correct. Because the district court properly exercised removal jurisdiction over the claims against HUD,[2] see Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650, 655 (2d Cir. 1996) (noting that "the initial sufficiency of the grounds for removal" is prior to the question of whether supplemental jurisdiction survives the "post-removal dismissal of all claims against the federal defendant"), these claims provided the basis for supplemental jurisdiction over the other claims, which were plainly part of the same controversy. And "[w]hen [HUD] was dropped from the case, the district court still had the power under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims." Mizuna,, 90 F.3d at 657. This is, of course, consistent with the general rule that "the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, [even though] it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). Mizuna applied this approach to a case very much like this one, in which the FDIC invoked a statute making claims against it removable and plaintiff later voluntarily dismissed the claim against the FDIC, which was the only jurisdiction-conferring claim. See Mizuna, 90 F.3d at 657; but cf. Wellness Community-National v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995) (holding that when the complaint is amended to drop the jurisdiction-conferring claim, there can be no supplemental jurisdiction based on a claim in the original complaint).
 
 
 13
 Appellant argues that, notwithstanding the general rule stated in Nowak and applied in Mizuna, 28 U.S.C. § 1447(c), limits supplemental jurisdiction in the removal context by providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This argument fails because § 1447(c) merely addresses the consequences of a jurisdictional flaw, i.e. it mandates a remand rather than a dismissal, see Int'l Primate Protection League, 500 U.S. at 87; it does not affect the standard for determining whether jurisdiction is lacking. We therefore find unpersuasive Bailey v. Wal-Mart Stores, Inc., 981 F. Supp. 1415, 1416-17 (N.D. Ala. 1996), upon which appellant relies. Here, the dismissal of the party whose presence had allowed removal did not deprive the court of subject matter jurisdiction, notwithstanding the fact that, had HUD not been named in the first place, there would have been no removal jurisdiction. See Mizuna, 90 F.3d at 657.
 
 
 14
 Not only did the district court have the power to exert supplemental jurisdiction over the remaining claims, but the court was within its discretion to exercise that power in the circumstances of this case. Although the suit was in its earliest stages, the district court here retained supplemental jurisdiction for the limited purpose of enforcing its own rules governing the conduct of those early stages. Regardless of whether it would have been proper to continue to exercise supplemental jurisdiction in order to reach the merits of plaintiff's state law claims, it was entirely appropriate to do so here. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (noting that district courts should weigh "values of judicial economy, convenience, fairness, and comity" as they pertain to "every stage of the litigation"); see also Mizuna, 90 F.3d at 657 (upholding exercise of supplemental jurisdiction that served in part to stymie a "fairly bald effort to avoid an unfavorable outcome"). but cf. Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." (emphasis in original)).
 
 
 15
 We have considered all of appellant's arguments and found them to be meritless. Accordingly, we AFFIRM the order of the district court.
 
 
 
 NOTES:
 
 
 *
 The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.
 
 
 [1]
 Plaintiff apparently is seeking to avoid any res judicata effect that the judgment might have in other litigation. The scope of any preclusive effect is not currently before us. Cf. Semtek Intern. Inc. v. Lockheed Martin Corp., 121 S.Ct. 1021 (2001) (holding that when a federal court sitting in diversity dismisses a case "on the merits," Fed. R. Civ. P. 41(b), the preclusive effect of that dismissal is determined by the law of the state in which it sits); Milgrim v. Deluca, 487 A.2d 522, 524 (Conn. 1985) (holding that dismissals for failure to prosecute are not res judicata to future actions).
 
 
 [2]
 With respect to claims against federal officers, "the Supreme Court has held that [§ 1442(a)(1)] does not furnish an independent ground for federal jurisdiction absent some federal question implicated either in the claim or by way of a defense." Mizuna, 90 F.3d at 655 (citing Mesa v. California, 489 U.S. 121 (1989)). We need not decide whether the same interpretation applies to the provision for removal of suits against federal agencies, which was added after Mesa and in order to overrule International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 79-87 (1991) (holding that § 1442(a)(1) does not allow removal of suits against federal agencies). See Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 n. 12 (5th Cir. 1998) (noting legislative overruling); S. Rep. No. 104-366, § 204 (1996) (stating intent to overrule International Primate Protection League). This is so because it is plain that the plaintiff's tort claims against HUD implicate federal defenses such as sovereign immunity, particularly where, as here, the complaint fails to allege that plaintiff exhausted her administrative remedies, as is required under the Federal Tort Claims Act. See, e.g., McNeil v. United States, 508 U.S. 106 (1993); Adams by Adams v. United States Dep't of Housing & Urban Dev., 807 F.2d 318 (2d Cir. 1986); cf. Fent v. Oklahoma Water Resources Bd., 235 F.3d 553, 555 (10th Cir. 2000) (holding that assertion of federal sovereign immunity defense supports § 1442 removal). Indeed, HUD asserted such a defense in a letter sent to plaintiff just prior to plaintiff's decision to dismiss HUD voluntarily. Although this correspondence was not made part of the record in the district court, Judge Arterton was copied on the letter, and it was provided to us in the course of supplemental briefing on these issues. We now make the letter a part of the record on appeal. See Fed. R. App. P. 10(e)(2)(c).