# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 10, 2024        Decided December 6, 2024

No. 23-5091

ABRAM J. HARRIS,
APPELLANT

v.

U.S. DEPARTMENT OF TRANSPORTATION FMCSA AND UNITED
STATES OF AMERICA,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-02383)

———

*Abram J. Harris*, pro se, argued the cause and filed the briefs for appellant.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellees. With her on the briefs was *Brian P. Hudak*, Assistant U.S. Attorney. *Johnny H. Walker*, Assistant U.S. Attorney, entered an appearance.

*Jeffrey S. Beelaert*, appointed by the court, argued the cause and filed the brief as *amicus curiae.*

Before: HENDERSON and CHILDS, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

Concurring opinion filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*:  Abram J. Harris sued the Federal Motor Carrier Safety Administration (FMCSA) of the U.S. Department of Transportation (DOT) for fraud and abuse of process in the D.C. Superior Court.  That court dismissed his suit sua sponte, Harris appealed to the D.C. Court of Appeals and DOT thereafter removed the case to federal court.  As detailed below, we conclude that under 28 U.S.C. § 1442(a) a federal defendant may remove a case from state appellate court to federal district court and that Harris has forfeited any arguments as to procedural defects in removal by neither objecting in district court nor moving for remand. Harris also forfeited any arguments that the district court erred in dismissing his case for lack of jurisdiction and failure to state a claim by failing to raise them in his briefs.  Accordingly, we affirm the district court's dismissal.

## I.  BACKGROUND

Harris owns a commercial motor carrier business and brought a pro se suit against the DOT in the D.C. Superior Court on May 3, 2022,[1] alleging fraud and abuse of process.[2]

---

[1] All dates occur in 2022 unless otherwise noted.

[2] Harris's complaint states that he hired a female employee who was also working for the FMCSA and that, after their working relationship soured, she turned the FMCSA against him.  He also advances statutory and ethics violation claims.

Over two months later, on July 22, noting that DOT had not yet been served, the Superior Court sua sponte dismissed Harris's case for failure to state a claim upon which relief can be granted. A. 26–28. Harris appealed to the D.C. Court of Appeals three days later. On August 11, DOT filed a notice of removal in both the district court and the D.C. Superior Court.[3] DOT waited more than a month, however, before it filed a notice of the removal in the D.C. Court of Appeals on September 15.[4]

Harris claims that he effected service on May 16, supporting that assertion with several affidavits. Appellant's Br. 2, 8. The first affidavit states that Harris spoke by telephone with an employee at the D.C. Attorney General's office on June 21. A. 33. The second affidavit references an email exchange attached to Harris's June 2 motion for default judgment and alleges that the exchange constituted DOT's "acknowledge[ment]" of the lawsuit. A. 37. In fact, the email exchange shows that on May 24, an employee in DOT's Customer Service & Vetting Division told Harris that she had "submitted [his] information to the parties involved" so they could "respond." A. 58. In his memorandum in support of his

---

[3] A federal agency defendant may remove a civil action begun in state court to the district court for the district and division where the state court case is pending. *See* 28 U.S.C. § 1442(a). The defendant must file in district court a notice of removal within 30 days of receiving the complaint, through service or otherwise. *See id.* §§ 1446(a), 1446(b)(1).

[4] 28 U.S.C. § 1446(d) requires the defendant to "promptly" notify in writing all adverse parties and the state court from which the case is removed once it files the notice of removal.

default judgment motion, Harris also claims that he served the D.C. Mayor and DOT by certified mail on May 16. A. 55.

DOT's notice of removal filed in district court states that the U.S. Attorney's Office for the District of Columbia was "served" with a copy of the complaint on July 12, A. 18, and its notice of removal filed in the D.C. Court of Appeals states that the Superior Court dismissed the case "[a]fter service," Appellee's Br. Add. 6. DOT did not raise failure to properly serve as a defense in district court. On appeal, however, DOT argues that the U.S. Attorney's Office simply received a copy of the complaint on July 12, but had yet to be properly served when the Superior Court dismissed the case. Appellee's Br. 3, 19.

Once his case was removed to district court, Harris amended his complaint to add Assistant U.S. Attorney Stephanie Johnson—representing DOT—as a defendant. Harris never objected to removal nor sought remand to Superior Court. Harris then filed an assortment of motions and, on November 21, DOT moved to dismiss the complaint. After a series of back-and-forth filings, the district court eventually dismissed the case on March 13, 2023. *Harris v. Dep't of Transp.*, No. 22-cv-2383, 2023 WL 2477968 (D.D.C. Mar. 13, 2023). The district court concluded that it lacked jurisdiction because Harris's claims fell outside the Federal Tort Claims Act's limited waiver of sovereign immunity and because Harris had failed to exhaust administrative remedies; alternatively, it held that, even if there were jurisdiction, Harris had failed to state a claim. *Id.* at *1. Harris timely appealed as to DOT but not Johnson.

The district court had jurisdiction to determine whether federal question jurisdiction under 28 U.S.C. § 1331 extends to a suit removed to district court under 28 U.S.C. § 1442(a). *See,*

*e.g.*, *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291–92 (1947).  Our jurisdiction to review the district court's dismissal is pursuant to 28 U.S.C. § 1291.

We review de novo a dismissal grant, liberally construing a pro se plaintiff's allegations of fact and examining the entire record outside the pleadings.  *See Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524, 529, 532–33 (D.C. Cir. 2015).[5]

## II.  ANALYSIS

### A.

Harris argues that a case may not be removed from a state *appellate* court to a federal district court under section 1442(a) because the case must be "pending" in the state *trial* court at the time of removal.  Appellant's Br. 4–7.  He is wrong.

Section 1442(a) is to be liberally construed in light of its purpose.  "Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum.  This policy should not be frustrated by a narrow, grudging interpretation" of the statute.  *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).  No statutory language expressly requires a case removed under section 1442(a)(1) to be pending in the court in which it commenced.  Instead, there are two preconditions to removal, each marked by the word "that."  As relevant here, the removed action must be one (1) "*that* is commenced" in state court and (2) "*that* is against or

---

[5] We appointed Jeffrey S. Beelaert as amicus curiae to brief whether under 28 U.S.C. § 1442(a) a federal defendant may remove a case from state appellate court to federal district court.  He has more than ably discharged his duties and we thank him for his service.

directed to" a U.S. agency. 28 U.S.C. § 1442(a)(1) (emphases added).

By contrast, "pending" serves as a geographic limitation on the district court to which the case may be removed. Under section 1442(a), a case may be removed only "to the district court of the United States *for the district and division embracing the place wherein it is pending*." *Id.* § 1442(a) (emphasis added). Granted, a case must still be pending somewhere in the state court system to be removable. *See, e.g.*, *Oviedo v. Hallbauer*, 655 F.3d 419, 422–23 (5th Cir. 2011) (holding that removal under section 1442(a) was not available once the state court judgment was no longer subject either to modification by the trial court or to appellate review and discussing cases); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (holding that removal under sections 1441 and 1443 was not available after the California Supreme Court denied review).

Nevertheless, a case need not be pending in the court in which it originated. We agree with the Seventh Circuit's interpretation of the general removal statute—28 U.S.C. § 1441(a)—in *Yassan v. J.P. Morgan Chase & Co.*: "a state civil action is 'pending' . . . and therefore removable, as long as the parties are still actively contesting the case in the state court system." 708 F.3d 963, 969 (7th Cir. 2013). "So long as the parties continue to contest the case in the state court system—whether they are contesting the case in the state trial court or on appeal—the case has not 'achieved final resolution.'" *Id.* (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (interpreting the plain meaning of the word "pending" in another context)). No more is required.

This reading fits with section 1442(a)'s purpose to "ensure a federal forum in any case where a federal official is entitled

to raise a defense arising out of his official duties." *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981). That purpose would be frustrated by barring removal from state appellate courts in circumstances similar to these. It would be odd if a federal agency or officer lost the opportunity to remove to a federal forum simply because the state trial court dismissed the case and the plaintiff appealed before the federal agency or officer was required to remove. It would be especially strange to lose that opportunity before the government had even been served.[6] Here, the Superior Court dismissed the case sua sponte on July 22, before DOT was properly served, and Harris appealed just three days later. Even if DOT had been properly served on July 12, it had another 20 days in which to remove after the Superior Court's July 22 dismissal. *See* 28 U.S.C. § 1446(b) (authorizing 30 days to remove after service).[7]

---

[6] Notice of removal must generally be filed with the district court within 30 days of being served, although the clock may start later if the defendant has not yet received the complaint. 28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (A "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

[7] As the Superior Court noted in its sua sponte dismissal, it does not appear from the record that DOT was ever properly served. Under Superior Court rules, a plaintiff must do two things to properly serve a federal agency defendant. First, the plaintiff must serve the United States by (A)(i) delivering a copy of the summons and complaint to the U.S. Attorney for the District of Columbia or his designee or (ii) sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the U.S. Attorney's office and (B) sending a copy of the summons and

8

A contrary reading could enable a plaintiff to thwart section 1442(a)(1) by swiftly appealing a state court dismissal before the federal government had a reasonable chance to remove. "It is unlikely that Congress, animated by an approximately 200-year-old concern that the contours of federal power be determined by federal courts, would have intended such an obvious end-around." *Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011) (holding that removal under section 1442(a)(1) was proper although the United States was added as a defendant only after the case had "commenced" in

complaint by registered or certified mail to the U.S. Attorney General. D.C. Super. Ct. R. Civ. P. 4(i)(1). Second, the plaintiff must serve the federal agency by sending a copy of the summons and complaint by registered or certified mail to the agency. D.C. Super. Ct. R. Civ. P. 4(i)(2).

There is no indication that Harris ever served the U.S. Attorney General and service made by a party is in any case invalid. Harris's first affidavit to prove service—regarding a telephone call with an employee at the D.C. Attorney General's office—shows only that he mistakenly attempted to serve the *D.C.* Attorney General instead of the *U.S.* Attorney General. Harris's second affidavit merely proves that he exchanged emails with a customer service representative at DOT who forwarded his information internally. Harris's memorandum in support of his summary judgment motion shows that he incorrectly attempted to serve the D.C. mayor instead of the United States and incorrectly attempted to personally serve DOT. The U.S. Attorney for the District of Columbia did receive a copy of the complaint on July 12, 2022, but the other requirements of service appear never to have been satisfied.

DOT's mistaken suggestion in its notices of removal that it had been served arguably operates as a waiver of the defense of lack of service but in any event the district court noted that DOT did not raise failure to properly serve as a defense.

state court because a contrary reading would allow a plaintiff to evade section 1442(a)(1) by filing suit against private parties and later adding the federal government).

This interpretation also aligns with other cases that have addressed removal from a state appellate court to a federal district court. Under the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), the Federal Deposit Insurance Corporation (FDIC) "may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B). In *FDIC v. Meyerland Co. (In re Meyerland Co.)*, 960 F.2d 512, 516 (5th Cir. 1992), the Fifth Circuit held that removal was proper under section 1819(b)(2)(B) because the plain language of the statute "does not limit removable actions to those that have not yet reached a state trial court judgment, nor does it limit removable actions to those that come to the federal courts from a specific state court." The *Meyerland* court also highlighted the contrast between FIRREA's broad "state court" language and its specific "United States district court" language as support for allowing removal from state appellate court as well as trial court. 960 F.2d at 516–17. Finally, the court determined that the "significant factor" is that "*state appellate proceedings had not yet been exhausted when removal was effected.*" *Id.* at 517. Other circuits have followed the reasoning of *Meyerland*. *See, e.g.*, *Resol. Tr. Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994) (collecting cases applying either the FDIC's or the Resolution Trust Corporation's (RTC) removal statute). *But see Victoria Palms Resort Inc. v. City of Donna*, 234 F. App'x 179 (5th Cir. 2007) (holding that *Meyerland* does not support removing non-FIRREA cases on appeal in the state court system to federal court).

Finally, lower courts that have specifically addressed section 1442(a)(1) have interpreted the statute to allow removal

after final judgment at the state trial court level. *See Hadley-Memorial Hosp. v. Kynard*, 981 F. Supp. 690, 692 (D.D.C. 1997) (holding that the Department of Defense could remove a case under section 1442(a) after the state trial court had granted a motion to compel compliance with a writ of attachment because the plain language and purpose of section 1442(a) supported allowing removal); *Holmes v. AC&S, Inc.*, 388 F. Supp. 2d 663, 671–72 (E.D. Va. 2004) (holding that Westinghouse, as a person acting under a federal officer, could remove a case under section 1442(a) after final judgment in the state trial court following *Hadley-Memorial* and *Resolution Trust Corp. v. Allen*, 16 F.3d 568 (4th Cir. 1994)).

Consistent with section 1442(a)'s text and purpose as well as persuasive caselaw, we conclude that a federal defendant may remove a case to federal district court from state appellate court.

## B.

On appeal, Harris argues that removal was defective because DOT did not comply with the deadlines for removal set out in section 1446. *See* Appellant's Br. 7–8. But Harris forfeited this argument because untimeliness of removal is a procedural defect and he failed to object to removal or move for remand below.

Under section 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). This provision distinguishes procedural defects in removal in the first sentence from jurisdictional requirements in the second sentence. *See Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017). Procedural defects in removal do not affect jurisdiction and therefore may be waived or forfeited. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702–03 (1972).

We conclude that the timeliness of removal under section 1446 is a procedural claims-processing rule and is not jurisdictional. *See Wasserman v. Rodacker*, 557 F.3d 635, 638 n.2 (D.C. Cir. 2009) ("[T]he 30-day deadline of 28 U.S.C. § 1446 . . . is not jurisdictional . . . ."). Courts must "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (quoting *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022)). This sets a "high bar" and "most time bars are nonjurisdictional . . . whether or not the bar is framed in mandatory terms." *Id.* (citations omitted). A "run-of-the-mill 'filing deadline'" does not "demarcate a court's power." *Id.* (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). "'What matters instead' is whether a time bar speaks to a court's authority to hear a case." *Id.* at 485 (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 411 (2015)).

Far from stating that the timeliness of removal is jurisdictional, section 1447 instead expressly distinguishes between "subject matter jurisdiction" and "any [other] defect." 28 U.S.C. § 1447(c). Reading untimeliness of removal to be a procedural and not jurisdictional defect also aligns with how other circuits have interpreted this issue and similar removal defects. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (holding that section 1446's removal deadline is a mandatory claims-processing rule and that a party may waive objections to untimely removal by failure to timely

object); *cf. Smith v. Mylan Inc.*, 761 F.3d 1042, 1045–46 (9th Cir. 2014) (collecting circuit cases holding that the one-year time limit on removal then in section 1446(b) and now in section 1446(c) is a procedural requirement that can be forfeited). Indeed, Harris concedes that the timeliness of removal under section 1446 is a procedural requirement. Appellant's Br. 8.

Harris has forfeited any alleged procedural defect argument arising from untimely removal because, instead of objecting or moving for remand below, he availed himself of the district court's jurisdiction by amending his complaint and affirmatively seeking relief in that court. *See Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) ("A plaintiff may waive [] objections to any procedural defect in removal by affirmatively litigating in federal court."); *In re Moore*, 209 U.S. 490, 496 (1908) (holding that a plaintiff consented to district court jurisdiction by failing to move for remand, instead filing an amended petition and agreeing to stipulations), *abrogated on other grounds by Ex parte Harding*, 219 U.S. 363 (1911).

For the same reason, Harris has forfeited arguments as to any procedural error by the district court in managing the case after removal, even if they were properly presented on appeal. *See* Appellant's Br. 5 (claiming that "the district court had nothing to dismiss"); Reply Br. 8 (claiming that "all the district court could do was enter the judgment of the [D.C.] Superior Court as its own").

Finally, Harris has forfeited any challenge to the district court's dismissal of his claims for lack of jurisdiction or, alternatively, for failure to state a claim because he did not mount such a challenge in his opening brief or even reply brief. *See TIG Ins. v. Republic of Argentina*, 110 F.4th 221, 239 (D.C.

13

Cir. 2024) ("[B]ecause [appellant] did not raise this argument in [his] opening brief, it is forfeited.").

\* \* \*

For the foregoing reasons, we affirm the district court's dismissal.

*So ordered.*

KAREN LeCRAFT HENDERSON, *Circuit Judge*, concurring: Although Harris forfeited any arguments as to procedural defects in removal here, I offer my view of how to treat litigation in the "peculiar procedural posture" of removal from a state appellate court to a federal district court. *Resol. Tr. Corp. v. Allen*, 16 F.3d 568, 574 (4th Cir. 1994). First, the federal defendant must "[p]romptly" file a copy of the notice of removal in the state appellate court—not the state trial court—because the case is "pending" at the appellate level. 28 U.S.C. §§ 1446(a), (d). Second, upon removal the district judge should adopt the state court's judgment as its own and then proceed as normal to consider its post-judgment alternatives.

**A.**

28 U.S.C. § 1446 lays out the two steps required to effect removal. First, the defendant must file a notice of removal stating the grounds for removal in the district court "for the district and division within which such action is pending." 28 U.S.C. § 1446(a). That notice must generally be filed within 30 days of being served, although the clock may start later if the defendant has not yet received the complaint. 28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (A "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Second, to "effect the removal" the defendant must "[p]romptly" after filing the notice of removal with the district court notify all adverse parties in writing and provide a copy of the notice of removal to the clerk of the relevant state court. 28 U.S.C. § 1446(d).

Courts have taken different approaches on when a federal court gains and a state court loses jurisdiction under the

removal process. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3736 (Rev. 4th ed. June 2024). Some courts have held that removal is effective from filing the notice of removal in the district court, with the second step vesting jurisdiction in the district court as of the earlier date. *Id.* Others have held that the state court and federal court have concurrent jurisdiction between the first and second steps. *Id.* A third set of courts has held that removal is not effective—and the federal court has not gained jurisdiction—until both steps are complete. *Id.* I believe the second approach makes the most sense.

The plain terms of the statute provide that removal is "effect[ed]" only once prompt notice of the notice of removal has been provided to all adverse parties and to the clerk of the relevant state court. 28 U.S.C. § 1446(d). If the Congress had wanted the first step alone to "effect the removal," it could have put that language in section 1446(a) instead of section 1446(d). *See Brown v. Gardner*, 513 U.S. 115, 120 (1994) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *Russello v. United States,* 464 U.S. 16, 23 (1983))). As Wright and Miller highlight, the first approach would also mean that a state court would be retroactively stripped of jurisdiction despite having received no notice of removal. 14C Wright & Miller § 3736. Granted, the second approach presents difficulties in terms of the extent to which each court would need to give effect to any decisions of the other court during the period of concurrent jurisdiction.

However, the last approach would make completing all the steps to effect removal a jurisdictional and not procedural requirement. As the Supreme Court has made clear, courts

must "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024). Moreover, "it is insufficient that a jurisdictional reading is plausible, or even better, than nonjurisdictional alternatives." *Campaign Legal Ctr. v. 45Committee, Inc.*, 118 F.4th 378, 387 (D.C. Cir. 2024) (quoting *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 297 (2023)). Instead, "a statutory precondition is jurisdictional only if it 'purports to govern a court's adjudicatory capacity' by speaking directly to 'a court's authority.'" *Id.* (quoting *MOAC*, 598 U.S. at 299).

Section 1446(d) makes no mention of the district court and neither section 1446(a) nor (d) discusses jurisdiction. 28 U.S.C. §§ 1446(a), (d). Jurisdictionally, for a federal *officer* to remove a case under section 1442(a)(1) the officer must "raise a colorable federal defense" and "establish that the suit is for an act under color of office." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999). For a federal *agency* to remove under that provision, it may suffice merely to identify the federal agency without more. *See Parker v. Della Rocco, Jr.*, 252 F.3d 663, 665 n.2 (2d Cir. 2001). Thus, section 1442(a) includes jurisdictional requirements. By contrast, notice to adverse parties and the relevant state court "appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). This does not satisfy the "high bar" for a jurisdictional requirement. *Harrow*, 601 U.S. at 484 (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015)); *see also Dukes v. South Carolina Ins.*, 770 F.2d 545, 547 (5th Cir. 1985) (holding that "[f]ailure to file a copy of the removal notice with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction").

In the case *sub judice*, there is no question that DOT notified both the D.C. Superior Court and the D.C. Court of Appeals of the notice of removal, satisfying the procedural requirement of providing notice to the relevant state court. But DOT did not provide notice to the D.C. Court of Appeals until September 15, 2022, which was 35 days after DOT filed a notice of removal in district court. Although DOT provided notice to the D.C. Superior Court on the same day it filed a notice of removal in district court, the case was no longer pending in Superior Court.

It would be for the district court to determine whether—in the particular factual circumstances of a case—a given delay falls short of the additional procedural requirement not only to notify the relevant state court but to do so "[p]romptly." 28 U.S.C. § 1446(d); *see also Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 366 (S.D.N.Y. 2020) (concluding that a 34-day delay between filing a notice of removal in district court and a notice of that notice in state court was sufficiently prompt because the plaintiff had received notice with only a one-day delay, the state court had taken no action in the meantime and the plaintiff asserted no prejudice from any delay).

Here, Harris forfeited any objections to the timeliness of DOT's removal by not objecting or moving for remand below.

**B.**

"After removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Local No. 70, Bhd. of Teamsters*, 415 U.S. 423, 436 (1974). In other words, once the district court has gained jurisdiction, it proceeds from the procedural stage of the case in the state court system. In *Allen*, the Fourth Circuit laid out three approaches different circuits have taken for post-removal proceedings and then adopted a fourth, hybrid approach. 16 F.3d 568, 572–73.

Under the first approach, the district court takes the state court judgment as it finds it, prepares the record as required for appeal and forwards the case to the appellate court for review. *Id.* at 572 (citing *FDIC v. Meyerland Co. (In re Meyerland Co.)*, 960 F.2d 512, 520 (5th Cir. 1992)); *cf. FDIC v. Keating*, 12 F.3d 314, 317 & n.4 (1st Cir. 1993) (following *Meyerland* but assuming without deciding that a district court could entertain timely motions for post-judgment relief). The second approach requires the party seeking appeal to move in the district court under Rule 59 to modify or vacate the judgment, after which the party may appeal. *Allen*, 16 F.3d at 573 (citing *Jackson v. Am. Savings Mortg. Corp.*, 924 F.2d 195, 199 & n.9 (11th Cir. 1991)). Under the third approach, parties may file Rule 59 motions and, if they fail to do so or the district court denies the motions, the district court adopts the state court judgment as its own, after which parties follow the regular procedural rules applicable to a district court judgment. *Id.* (citing *Resol. Tr. Corp. v. Nernberg*, 3 F.3d 62, 68–69 (3d Cir. 1993)). *Allen's* fourth approach provides for the district court's immediate adoption of the state court judgment as its own upon removal and then the ordinary rules on post-judgment remedies are followed. *Id.*

The fourth approach is most faithful to *Granny Goose*, giving effect to the state court judgment while serving the interests of judicial economy by allowing parties to file post-judgment motions to develop the record before any federal appeal. It is similar to the third approach but avoids the scenario in which parties file Rule 59 motions both before and after the district court adopts the state court judgment as its own. Here, however, the district court proceeded as if there had been no state court judgment—allowing Harris to amend his complaint and both parties to file prejudgment motions—which I believe was error.

In any event, Harris forfeited any objections to this procedural error by amending his complaint and seeking relief in district court, effectively gaining a second review of his claims.